■ GERTRUDE FATUCK, Individually and as Administratrix of the Estate of DAVID FATUCK, Deceased, Appellant, v. HILLSIDE HOSPITAL, Respondent.— In this action to recover damages for wrongful death, conscious pain and suffering, etc., plaintiff appeals from a judgment of the Supreme Court, Kings County, entered September 5, 1973, in favor of defendant, upon the trial court's dismissal of the causes of action for pain and suffering and loss of services and upon the trial court's further decision (1) setting aside a jury verdict of $30,000 for plaintiff on the cause of action for wrongful death, as contrary to law and excessive, and (2) dismissing the complaint and directing a verdict in favor of defendant. Judgment reversed, with costs, and jury verdict reinstated. Plaintiff claims that defendant, Hillside Hospital, was negligent in failing to prevent her decedent from "escaping" from the defendant's hospital grounds some two to three hours prior to his committing suicide by jumping off a roof of a building. The decedent had more than a 14-year history of mental problems and had been admitted into various hospitals in the past, from which he was eventually released. At no time during those previous admissions did he ever exhibit any escapist behavior or attempt to commit suicide. Nevertheless, upon his admission to the Hillside Hospital in October of 1968 and during his short sojourn there (nine days) there were notations made in the hospital record that he was not to be permitted to wander off and that he had, at one point, expressed suicidal threats. Moreover, for two days after his admission, he was placed on a 15-minute check, but there is no notation in the record that such a check was ever ordered stopped and no further entries in that regard are present. We are of the opinion that this constitutes sufficient evidence to establish prima facie negligence on the part of defendant, this being a death case. Accordingly, the judgment should be

reversed and the jury verdict reinstated. Gulotta, P. J., Latham, Cohalan and Benjamin, JJ., concur; Munder, J., dissents and votes to affirm.