OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
With respect to the hospital, plaintiff does not dispute the principle, declared in Toth v Community Hosp. at Glen Cove (22 NY2d 255, 265) and Fiorentino v Wenger (19 *684 NY2d 407, 415), among other cases, that a hospital may not be held in damages for carrying out the course of treatment prescribed by a patient’s attending physician. She argues rather that the hospital record does not bear out the hospital’s contention that the deceased was in fact observed at 15-minute intervals as the doctor ordered. The absence of a written record of such observations was, however, explained (such notations were made on worksheets outside the permanent record which were destroyed at the end of each week) and plaintiff introduced no evidence that the worksheet procedure constituted an improper hospital practice (cf. Fatuck v Hillside Hosp., 45 AD2d 708). There was, on the other hand, testimony from nurses of such checks. While the jury could have disbelieved the worksheet explanation, that disbelief would not constitute prima facie evidence of failure to carry out the 15-minute order. The action was, therefore, properly dismissed as to the hospital.
Though the issue is a closer one as concerns the physician, we conclude that the decision whether to keep Mr. Topel on constant observation as contrasted with observation at 15-minute intervals was a matter of professional judgment for which defendant doctor cannot be held. Mr. Topel’s reaction to constant surveillance, the possibility that his heart condition would be aggravated by continuing such surveillance, the gesture-like nature of his prior suicidal indications, the rehabilitative aspects of “open ward” treatment and the enhanced probability of obtaining Mr. Topel’s consent to electroshock therapy in the more relaxed open ward atmosphere were all factors which defendant doctor could properly consider in reaching the judgment whether; on balance, the prescribed program was worth the risk involved. While the line between medical judgment and deviation from good medical practice is not easy to draw, we conclude that more is required to make out a prima facie case against a doctor than wag presented by plaintiff’s expert testimony (Centeno v City of New York, 48 AD2d 812, affd 40 NY2d 932; cf. Cohen v State of New York, 51 AD2d 494, affd 41 NY2d 1086; see Johnson v Yeshiva Univ., 42 NY2d 818). To hold otherwise on the basis of expert opinion which does not negate the factors, *685 listed above, on which the attending physician based his judgment is to subject every judgment made by a doctor, no matter what its basis, to the second guess of a jury.