■ JOHN SISKO, Appellant, v NEW YORK HOSPITAL et al., Respondents. [647 NYS2d 191] —Order and judgment (one paper), Supreme Court, New York County (Helen Freedman, J.), entered on or about April 19, 1995, which granted plaintiff's motion to renew and reargue and, upon reargument, adhered to a prior judgment and order (one paper), (same court and Justice), entered on or about January 4, 1995, which granted defendants' motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, and the complaint is reinstated.

In this action to recover damages for medical malpractice, plaintiff, a 58-year-old male, alleges that on April 23, 1990, he arrived at New York Hospital complaining of dizziness, difficulty walking and standing, and that he told Dr. Daniels, the emergency room treating physician, that he was having difficulty speaking. However, his admission record does not mention slurred speech.

Over a two-hour period, three blood pressure readings were taken (160/90, 140/90, and 140/100), Dr. Daniels administered a physical examination and diagnosed plaintiff as suffering from benign positional vertigo for which he prescribed the drug Antivert, and discharged him. Plaintiff was told to return if he experienced headaches or if his symptoms worsened.

Plaintiff rested at home for the next three days, with continued weakness in his right leg, preventing him from

standing and walking. He did not call another doctor or health care provider until he was admitted to Metropolitan Hospital on April 27, 1990. His chart reflects right-side weakness and slurred speech. Plaintiff's blood pressure was normal, but a CT scan revealed an infarction of the left brain stem, indicating that he had suffered a stroke.

The instant action was brought against New York Hospital and Dr. Daniels. After discovery, including depositions of plaintiff and Dr. Daniels, defendants moved for summary judgment, asserting that plaintiff lacked documentary evidence to support his claim that he had slurred speech when he appeared at the hospital on April 23, and that, given the manifestation of the recorded and observed symptoms, Dr. Daniels was not negligent in diagnosing benign vertigo.

Plaintiff opposed the motion by offering, *inter alia*, the affidavit of his medical expert, Dr. Soffin, which stated that the point at which plaintiff experienced slurred speech is critical in determining when the stroke occurred. Dr. Soffin added that, given plaintiff's allegation that his speech was slurred, if "he were admitted for observation and bed rest to lower his blood pressure, then a full blown CVA could conceivably have been averted. * * * Failure to hospitalize the patient under these circumstances would represent a departure from accepted medical practice."

The court granted defendants' motion for summary judgment. Plaintiff then submitted a supplemental affidavit from Dr. Soffin in support of a motion to renew and reargue. That affidavit differed from the original in that it stated that, "if [plaintiff] were admitted for observation and bed rest to lower his blood pressure then it can be said with reasonable probability that a full blown CVA could have been averted." The court denominated the motion as one for reargument, granted the motion, and then adhered to its original determination.

On appeal, plaintiff argues that Dr. Soffin's affidavit was sufficient to raise a triable issue of fact. Defendants respond that the doctor merely speculated that plaintiff's stroke could have been avoided had he been admitted, and that plaintiff did not establish proximate cause between defendants' conduct and plaintiff's injuries.

By furnishing the medical chart created during plaintiff's first admission, which did not state that he had slurred speech, as well as Dr. Daniels' deposition and the affidavit of defendants' medical expert, both of which conclude that, in the absence of slurred speech, plaintiff was not negligently treated when diagnosed as suffering from benign vertigo and sent

home, defendants, as proponents of the motion for summary judgment, met their burden of submitting proof in evidentiary form sufficient to demonstrate the absence of any material issues of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851).

Once defendants made this showing, the burden shifted to plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562). In a medical malpractice action, this burden is met by the submission of a medical expert's affidavit showing that the defendant's actions were a departure from the accepted standard of care in the medical community (*Alvarez v Prosect Hosp.*, 68 NY2d 320, 325) and a proximate cause, i.e., a substantial factor, in bringing about the injury (*Mortensen v Memorial Hosp.*, 105 AD2d 151, 158).

Dr. Soffin's affidavit, which opines that slurred speech and vertigo are prodromal symptoms of stroke, and further maintains that plaintiff would not have suffered the "full effects" of a CVA had plaintiff been hospitalized for observation, in combination with plaintiff's assertions of slurred speech at the time of the initial treatment, meets this burden. The inference that plaintiff's injuries would have been lessened, or even avoided through the proper diagnosis and treatment, is clear from a full reading of Dr. Soffin's affidavit. It was not mere speculation to conclude, as Dr. Soffin did, that plaintiff suffered at least some injury due to the delay in receiving the appropriate diagnosis and treatment (*see, Evans v Holleran*, 198 AD2d 472), such that the issues of malpractice and proximate cause should be submitted to the jury (*see, Matott v Ward*, 48 NY2d 455, 462; *Mortensen v Memorial Hosp., supra*, at 159). Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.