■ JANE JAFFE, as Mother and Natural Guardian of JASON CLAIBORNE, an Infant, Respondent, v NEW YORK HOSPITAL, Appellant. [672 NYS2d 94] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 29, 1996, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In 1980, the infant plaintiff was treated at defendant hospital, at which time he tested positive for H. influenza meningitis and septic arthritis. Plaintiff's 1991 action raising medical malpractice claims alleging a failure to diagnose and treat meningitis was dismissed for failure to bring the action within

the Statute of Limitations' ten-year infancy tolling period for medical malpractice actions (CPLR 208; *Jaffee v New York Hosp.*, 202 AD2d 276, *lv dismissed* 83 NY2d 953). Plaintiff now seeks recovery in connection with a 1981 hospital visit, within the ten-year tolling period, alleging that the failure to conduct a brain scan, an audiological evaluation, and other tests during that 1981 visit caused a misdiagnosis contributing to deafness, brain damage and various other maladies. Plaintiff contends that these injuries establish an independent claim of medical malpractice. However, the limited purpose of that visit was an orthopedic examination of the infant's knee; the record evidence does not evince a misdiagnosis in this regard. Since defendant demonstrates an absence of material disputed facts (*Alvarez v Prospect Hosp.*, 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.*, 63 NY2d 639), it is entitled to summary judgment.

The remaining conditions being alleged are actually related to the meningitis condition for which the infant was treated in 1980, which claims are now barred, and not the orthopedic treatment in 1981. Plaintiff cannot thus use an essentially unrelated 1981 hospital visit to revive already stale claims so as to avoid preclusion of the meningitis claims by CPLR 208.

Plaintiff contends that its expert's affidavit creates a factual issue as to deficiencies in the 1981 examination that left unrevealed the meningitis-related conditions. However, the expert, providing the sole evidence in the attempt to defeat the motion, relied on an examination report indicating learning deficits conducted two years after the 1981 visit, which leaves infant's condition at the time of the 1981 visit speculative (*Romano v Stanley*, 90 NY2d 444, 451). Moreover, the affidavit does not reflect the expert's independent analysis or evaluation of the infant, and the examination report upon which it relies, is not part of the record (*Matthews v New York City Health & Hosps. Corp.*, 200 AD2d 399). Nor is there any independent contemporaneous evidence contradicting defendant's medical records in connection with the 1981 visit (*cf.*, *Sisko v New York Hosp.*, 231 AD2d 420, *lv dismissed* 89 NY2d 982) that would warrant denial of summary judgment to defendant. Concur— Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.