■ In the Matter of PERFECTO RIVERA, Appellant, v STATE OF NEW YORK, Respondent. [731 NYS2d 160] —Judgment, Court of Claims of the State of New York (S. Michael Nadel, J.), entered on or about June 20, 2000, dismissing the claim after a nonjury trial, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 13, 2000, unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid judgment.

Claimant alleges that his decedent's death was caused by the failure of respondent's psychiatrist to evaluate the decedent as an escape risk for purposes of transport. The trial court properly rejected the claim upon findings that the failure to evaluate the decedent as an escape risk was a mere error of professional judgment, and that more is needed to hold respon-

dent liable than that claimant's expert would have so evaluated the decedent on the basis of the same factors considered by respondent's psychiatrist (*see, Vera v Beth Israel Med. Hosp.,* 214 AD2d 384, 385, *lv denied* 87 NY2d 802; *Topel v Long Is. Jewish Med. Ctr.,* 55 NY2d 682). Apparently mindful that "[t]he 'line between medical judgment and deviation from good medical practice is not easy to draw' particularly in cases involving psychiatric treatment," where "circumstances necessarily broaden the area of professional judgment" (*Schrempf v State of New York,* 66 NY2d 289, 295, 296), claimant argues that respondent's psychiatrist failed to read, or did so without professional care, the decedent's medical chart and attached progress notes, which indicated prior attempts at escape. While respondent's psychiatrist did not recollect the patient or the mental assessment he conducted on the day of the decedent's death, he did testify that in conducting an evaluation for the purpose of transport, he would review the medical chart, current mental status and progress notes as well as conduct a personal interview of the patient, and that, in his judgment, prior attempts at escape are not necessarily indicative of a present escape risk. Such testimony has support in the psychiatrist's written evaluation of the decedent, and was clearly credited by the trial court in describing claimant's argument as simply to the effect "that the only judgment which was possible was the one [respondent's psychiatrist] did not make." No basis exists to disturb the findings that the psychiatrist read the decedent's medical record, and that such record permitted the judgment he made. We have considered claimant's other claims alleging negligence and failure to follow hospital guidelines by the nurse and therapy aide assigned to the decedent on the day of his death, and find that the dismissal thereof is in accord with the weight of the evidence. Concur—Tom, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.