■ HENRY P. STEENECK, Appellant, v EHUD ARBIT, M.D., et al., Respondents. [752 NYS2d 303] —Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered October 25, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

In the light of defendants' evidence that, regardless of how many follow-up visits were held, no treatment would have been rendered plaintiff unless and until he became symptomatic, the motion court rejected as conclusory plaintiff's expert's opinion that defendants' failure to monitor plaintiff's condition postoperatively was a departure from accepted standards of care that resulted in injury due to delayed treatment. The record reflects, however, that plaintiff complained postoperatively of headaches, which defendant Arbit told him would probably "continue improving in time." Defendant recorded in his office-visit note that "[w]e will follow him closely for his complaint of headaches" and scheduled an MRI for approximately two months later. After the MRI was done, plaintiff was told that he would be contacted if there was a problem. However, despite the development of a subdural hygroma, as revealed on the MRI, plaintiff was not thereafter contacted by defendants. Fifteen months later, after he had begun to have difficulty with vision, in addition to the headaches that had persisted since his initial complaint, plaintiff underwent surgery to relieve the cerebral compression caused by the subdural hygroma.

Plaintiff's expert opined that, if defendants had monitored the hygroma, they would have seen that it was expanding and they would have diagnosed and treated the resulting brain compression promptly. With respect to when plaintiff became symptomatic, if defendants had monitored his condition, they also would have been aware of plaintiff's continuing headaches, the importance of which defendant's office-visit note makes clear. Thus, plaintiff's expert's opinion, considered with plaintiff's deposition testimony and defendant's note, raises an issue of fact sufficient to defeat defendants' motion for summary judgment (*see Sisko v New York Hosp.*, 231 AD2d 420, 422, *lv dismissed* 89 NY2d 982). Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.