Colleen SIMMONS, individually, and as mother and natural guardian of John Simmons, Michael Simmons and Candace Simmons, children under the age of eighteen (18) years, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

Docket No. 03–6126.

United States Court of Appeals, Second Circuit.

Jan. 29, 2004.

---

Barry Birbrower, Peekskill, NY, for Appellant.

Edward Chang, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York (James B. Comey, United States Attorney, Sara L. Shudofsky, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: SACK, WESLEY, Circuit Judges, and PAULEY,** District Judge.

## SUMMARY ORDER

The appellant, Colleen Simmons, brought this action against the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for injuries she sustained at the hands of her husband, John Simmons ("Simmons"). Eleven weeks earlier, Simmons had voluntarily committed himself to the care of a government-run psychiatric facility. The appellant claims that the government is responsible for the facility's negligent treatment and discharge of Simmons, which the appellant asserts resulted in the attack. The district court concluded that there was no genuine material factual dispute as to whether the government breached a duty of care to appellant and therefore granted the government's motion for summary judgment.

We review *de novo* the district court's decision to grant a motion for summary judgment. *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 90 (2d Cir.2002). The "burden is on the moving party to demonstrate that no genuine issue respecting any material fact exists," *Gallo v. Prudential Residential Serv., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir.1994), and "all ambiguities must be resolved . . . in favor of the party against whom summary judgment is sought." *Id.* However, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation," but " 'must produce specific facts indicating' that a genuine factual issue exists." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998) (quoting *Wright v. Coughlin*, 132 F.3d 133, 137 (2d Cir.1998)).

Claims under the FTCA are governed by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Under New York law, which the parties agree controls, a physician is not liable for an erroneous medical judgment if it is based on a careful examination and the doctor's reasoned judgment, unless the doctor's actions otherwise deviate from accepted standards of medical care. *See Nestorowich v. Ricotta*, 97 N.Y.2d 393, 399, 767 N.E.2d 125, 129, 740 N.Y.S.2d 668, 672

---

** Of the United States District Court for the Southern District of New York, sitting by designation.

(2002). A doctor can be liable, however, for an erroneous judgment that is " 'not based upon intelligent reasoning or upon adequate examination.' " *See O'Sullivan v. Presbyterian Hospital,* 634 N.Y.S.2d 101, 104, 217 A.D.2d 98, 103 (1st Dep't 1995) (quoting *Snow v. State,* 469 N.Y.S.2d 959, 962, 98 A.D.2d 442, 447 (2d Dep't 1983)), *aff'd,* 64 N.Y.2d 745, 475 N.E.2d 454, 485 N.Y.S.2d 987 (1984).

█ The appellant argues on appeal that the treating physician's diagnosis of Simmons and resulting decision to discharge him were erroneous judgments not supported by an "adequate examination" because the physician did not interview the appellant more than once and did not obtain Simmons's medical records from a 1963 psychiatric hospitalization for depression or a 1998 suicide attempt. Appellant's Brief at 3, 10, 18. We disagree.

Before Simmons's discharge, the government had already interviewed the appellant. The appellant has cited no authority indicating that the government had a duty to interview the appellant a second time, and the testimony of the appellant's medical expert does not support this claim.

That the treating physician did not review Simmons's prior medical records from other institutions also does not demonstrate an inadequate examination. Simmons's physician ordered his medical records but did not receive them before deciding whether to discharge Simmons just a few days later. Under New York law, the hospital was required to discharge Simmons "promptly" after he requested it. N.Y. Mental Hygiene Law § 9.13(b). The hospital could have held him for 72 hours after that request only if "reasonable grounds" existed that he posed a substantial risk to himself or others. *Id.* Not one member of the medical staff attending to Simmons found such grounds; indeed, they explicitly found

otherwise. Appellant's expert opined that Simmons's medical records would have provided reasonable grounds to hold him against his wishes. But given the fact that the treating physician did not have those records at the time he was required to make that judgment, his inability to review them cannot be a ground for concluding that he failed to meet the requisite standard of care. Thus, the opinion of appellant's expert does not raise a triable issue of fact in this regard.

Further, although doctors must conduct a thorough examination before discharging a patient and that examination may entail a review of relevant portions of a patient's prior medical history, *see, e.g., Fotinas v. Westchester County Med. Ctr.,* 300 A.D.2d 437 439, 752 N.Y.S.2d 90, 92 (2d Dep't 2002), doctors must also respect the patient's liberty interests as protected by New York law. Thus, doctors must balance the probative benefit of additional medical records against the imperative to quickly discharge a voluntarily committed patient. We agree with the district court that the medical staff members responsible for Simmons's release acted appropriately in releasing Simmons "promptly," as they were required to do by law.

█ The appellant also claims that the treating physician provided inadequate treatment for Simmons before his discharge. As noted, Simmons's physician has satisfied his duty of care in diagnosing and discharging Simmons. Appellant's expert was not prepared to offer any evidence that would have "negate[d] the factors ... on which the attending physician based his judgment." *Topel v. Long Island Jewish Med. Ctr.,* 55 N.Y.2d 682, 684–85, 431 N.E.2d 293, 295, 446 N.Y.S.2d 932, 934 (1981). Rather, he was only prepared to testify that he would have arrived at a different conclusion than Simmons's physician did. His statement that Sim-

mons's physician failed to meet the standard of care was thus conclusory and rightly regarded by the district court as insufficient to raise a genuine issue of material fact.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.