Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 1, 2009, which granted the motion by the Montefiore defendants for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
“The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to [demonstrate the absence of] any material issues of fact” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once this showing is made, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of triable issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In a medical malpractice action, this burden is met by a medical expert’s demonstration that the defendant’s actions were a departure from the accepted standard of care in the medical community, and a proximate cause—i.e., a substantial factor—in bringing about the injury (Sisko v New York Hosp., 231 AD2d 420, 422 [1996], lv dismissed 89 NY2d 982 [1997]; see also Coronel v New York City Health & Hosps. Corp., 47 AD3d 456 [2008]). For this purpose, general allegations of medical malpractice that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a malpractice defendant’s motion for summary dismissal (Fileccia v Massapequa Gen. Hosp., 99 AD2d 796 [1984], affd 63 NY2d 639 [1984]).
*928 Montefiore’s submissions in support of its motion met the required prima facie showing to warrant judgment as a matter of law. In May 1997, plaintiff’s decedent presented at Montefiore complaining only of hemorrhoids, without any recorded complaints as to abdominal pain or other colorectal problems. An anoscopy was performed, revealing no internal hemorrhoids, and the decedent was conservatively treated. Two years later, in June 1999, decedent again presented to Montefiore complaining of hemorrhoids and rectal bleeding for three days, and this time a 21/2-centimeter thrombosed hemorrhoid was found and evacuated under anesthesia. On August 27, 1999, only after the decedent returned to Montefiore with new complaints of rectal bleeding, a 10-pound weight loss and no hemorrhoids, was she referred for a colonoscopy and ultimately diagnosed with colon cancer. According to Montefiore’s expert, the three-month gap between commencement of the decedent’s treatment for a thrombosed hemorrhoid and her cancer diagnosis did not negatively impact on her subsequent treatment or chances for survival, inasmuch as “[w]ell differentiated colonic adenocarcinoma is a slow growing cancer and three months is insufficient time for Ms. Noboa’s outcome to have been effected [szc] in any way.”
In opposition, plaintiff failed to rebut this evidence. She argues that Montefiore failed to elicit the decedent’s gastrointestinal history. But the absence of a notation in the hospital records indicating that the decedent was questioned about her pertinent prior medical history is not proof that she was not so questioned (Krapivka v Maimonides Med. Ctr., 119 AD2d 801 [1986]; see also Topel v Long Is. Jewish Med. Ctr., 55 NY2d 682, 684 [1981]). Plaintiffs assertion to that effect is speculative, particularly in light of the detailed, three-page medical history that was recorded during the decedent’s initial intake.
Plaintiffs reliance on the Noseworthy doctrine is misplaced. While a plaintiff in a wrongful death action “is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence” (.Noseworthy v City of New York, 298 NY 76, 80 [1948]), that doctrine can only be invoked where the plaintiff first makes a showing of facts from which negligence can be inferred (Stankowski v Kim, 286 AD2d 282, 284 [2001], appeal dismissed 97 NY2d 677 [2001]). Plaintiff has failed to provide such proof.
Plaintiffs expert asserted that Montefiore departed from the accepted standard of medical practice by improperly performing a rectal examination and an anoscopy, instead of a colonoscopy. However, until 1999, Montefiore was not actively treating the decedent for “colorectal problems” because hers was a straight *929 forward case of hemorrhoids. Plaintiffs argument of insufficient examination based on an anoscopy, and that the cancerous polyps would likely have been detected and the decedent’s course of treatment altered had Montefiore performed a colonoscopy, is unavailing. Concur—Andrias, J.P, Saxe, McGuire, Moskowitz and Freedman, JJ.