ELIZABETH STUDDIVANT, as Proposed Administratrix for the Estate of JULIA JENNINGS, Deceased, Appellant, v BRONX-LEBANON HOSPITAL CENTER, Respondent. [920 NYS2d 44]—

Defendant established prima facie its entitlement to summary judgment in this medical malpractice action by submitting the affirmations of experts who concluded, based on the medical records and the affirmation of the nurse involved in administering the IV antibiotic, that the IV line was appropriately placed in the decedent's foot after attempts to locate a vein in her arms proved unsuccessful. The conclusory expert affirmations submitted by plaintiff in opposition failed to raise a triable issue of fact. The record demonstrates that defendant's medical personnel considered alternatives and validly rejected them before placing the IV line in the decedent's foot and that the decedent was actively monitored before and after the IV line was dislodged. The treating nurse stated in her affirmation that she and the attending physician checked the decedent's arms for veins in which to place an IV line with no success before the physician ultimately resorted to a vein in the decedent's foot. The nurse also explained that she made no note of this in the medical record because it was routine for a physician to be called to place an IV line when a nurse could not locate a vein in the upper extremities (*see Topel v Long Is. Jewish Med. Ctr.*, 55 NY2d 682, 684 [1981]). Plaintiff's experts also failed to refute the evidence that the ulcer on the decedent's foot stabilized and healed while she was under defendant's care.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.