Parmanand v Centeno (2025 NY Slip Op 07392)

Parmanand v Centeno

2025 NY Slip Op 07392

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-07394
 (Index No. 719603/18)

[*1]Raywatie Parmanand, etc., respondent, 
vLesley Ann Centeno, et al., defendants, Jamaica Hospital Medical Center, et al., appellants.

Martin Clearwater & Bell, LLP, East Meadow, NY (Barbara Goldberg, Gregory A. Cascino, and Thomas A. Mobilia of counsel), for appellants.
Michael Manoussos & Co, PLLC, Kew Gardens, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Jamaica Hospital Medical Center and David M. Mallin appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated August 9, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action sounding in ordinary negligence insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the evening of May 26, 2017, the decedent was brought to the defendant Jamaica Hospital Medical Center (hereinafter JHMC) for severe intoxication and treatment of a minor head injury. The decedent was examined by, among others, the defendant David M. Mallin (hereinafter together with JHMC, the hospital defendants), who determined a course of treatment including imaging of the head and neck to rule out internal injuries and observation until clinical sobriety. After midnight, at approximately 1:19 a.m., Mallin reassessed the decedent and determined that he had achieved clinical sobriety, indicating on the decedent's chart that he was to be discharged. At approximately 2:00 a.m., he was discharged. At approximately 2:30 a.m., the decedent navigated a fence, climbed over barriers protecting a roadway, and attempted to cross the Van Wyck Expressway on foot, whereupon he was struck by an automobile, resulting in his death at the scene.
The plaintiff commenced this action in December 2018, alleging, inter alia, medical malpractice and negligence by the hospital defendants. The hospital defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. By order dated August 9, 2022, the Supreme Court, inter alia, denied that branch of the hospital defendants' motion which was for summary judgment dismissing the cause of action sounding in ordinary negligence insofar as asserted against them, which alleges that the hospital defendants were negligent in failing to promulgate and follow proper practices, procedures, protocols, and/or standards in the care and discharge of the decedent. The hospital defendants appeal.
Although "[a] hospital in a general sense is always furnishing medical care to patients . . . not every act of negligence toward a patient would be medical malpractice" (Bleiler v Bodnar, [*2]65 NY2d 65, 73). Where "the gravamen of [a] complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty, the claim sounds in negligence" (Snow v Gotham Staffing, LLC, 227 AD3d 1029, 1031 [internal quotations marks omitted]). Where a cause of action alleges negligence by a hospital in promulgating and/or enforcing policies relating, for example, to ensuring the safety of patients, such causes of action have been deemed to be premised on a breach of an independent duty of the hospital (see e.g. Kaziyeva v Temana Assoc., Inc., 206 AD3d 983; Fatuck v Hillside Hosp., 45 AD2d 708, affd 36 NY3d 736).
Here, as noted by the Supreme Court, the hospital defendants' expert's opinion was conclusory as to the sufficiency of the protocols relating to the discharge of intoxicated patients (see Bledsoe v Center for Human Reproduction, 228 AD3d 96). Further, the plaintiff's supplemental bill of particulars alleged that Mallin was negligent in discharging the decedent without an escort or other supervision, and Mallin's deposition testimony failed to demonstrate that he followed any established protocol in that respect.
Accordingly, we affirm the order dated August 9, 2022, insofar as appealed from.
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court