■ VICTORIA VIAS, Appellant, v EVA ROHAN, Respondent.— In an action to recover compensatory and punitive damages based upon, *inter alia,* wrongful eviction, invasion of privacy and intentional infliction of emotional distress, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Hyman, J.), dated January 15, 1985, as limited her award of damages to $1 in compensatory and $500 in punitive damages.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

The plaintiff contends that Trial Term violated her right to a jury trial. We find no merit to this argument. Although, on her note of issue, the plaintiff demanded a jury trial of all issues, the record indicates that the plaintiff's counsel failed to call to the court's attention the fact a jury trial had been demanded and further failed to take a timely exception when the trial proceeded without a jury. Under these circumstances, we find that the plaintiff failed to preserve her right to a jury trial *(cf. Gargiulo v Delsole,* 769 F2d 77).

The plaintiff also argues that the evidence elicited at the inquest established a prima facie case of wrongful eviction, breach of the warranty of habitability and intentional infliction of emotional distress. The plaintiff asserts that Trial Term's award of damages, which was only for intentional infliction of emotional distress, was insufficient to redress these claims and is against the weight of the evidence. The plaintiff's notice of appeal excludes from our consideration any question as to liability. Her notice of appeal limits the scope of her appeal to that portion of the judgment which is "on the amount of damages". Accordingly, the theory of liability upon which the award is premised is not cognizable on this appeal *(see,* CPLR 5515 [1]; *Matter of Dineen v Borghard,* 100 AD2d 547; *Kennis v Sherwood,* 82 AD2d 847). In any case, considering the paucity of evidence elicited at the inquest, Trial Term's award of only nominal compensatory damages was neither unwarranted nor inadequate. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.