■ JAMES E. BRIGHT, Respondent, v ORANGE & ROCKLAND UTILITIES, INC., Appellant. [727 NYS2d 449] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Berry, J.), dated August 24, 2000, as denied that branch of its motion which was for summary judgment dismissing the cause of action based on Labor Law § 200.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the cause of action based on Labor Law § 200 is granted, and that cause of action is dismissed.

The plaintiff allegedly was injured by a falling tree branch while employed by Asplundh Tree Service, which was under contract with the defendant. The plaintiff commenced this action against the defendant asserting causes of action under Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court granted summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6), but it denied summary judgment as to the Labor Law § 200 cause of action, find-

ing that issues of fact existed as to whether and to what extent the defendant exercised supervisory control over the worksite.

In the absence of proof of a defendant's actual control, the mere retention of contractual inspection privileges or a general right to supervise does not amount to the level of control sufficient to impose liability (*see, Brown v New York City Economic Dev. Corp.,* 234 AD2d 33; *Dumoulin v Oval Wood Dish Corp.,* 211 AD2d 883; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639). The defendant established its entitlement to summary judgment dismissing the Labor Law § 200 cause of action by submitting evidence that it did not exercise actual control over the plaintiff's work. In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557; *Alvarez v Prospect Hosp.,* 68 NY2d 320). Accordingly, the Labor Law § 200 cause of action should have been dismissed. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.