■ MAERITA WILLIAMS, Appellant, v ALFRED S. HOWE, Respondent, et al., Defendants. [747 NYS2d 251] ■

Beginning in May 1990, the defendant Dr. Alfred Howe provided the plaintiff with routine medical treatment as her primary care physician. On November 7, 1994, the plaintiff was treated at Dr. Howe's medical office for the first time by Dr. Anthony DeSalvo. Dr. DeSalvo was allegedly employed by an entity called "A Program Plan for Life Enrichment" (hereinafter APPLE), which purportedly had entered into an agreement to purchase Dr. Howe's medical practice. Dr. Howe primarily treated the plaintiff until December 29, 1994, after which she was seen during office visits by Dr. DeSalvo. On April 29, 1995, the plaintiff was hospitalized and underwent emergency surgery for a perforated ulcer.

On September 8, 1997, the plaintiff commenced this action against Dr. Howe, among others, alleging that he and his employees and agents committed malpractice. Dr. DeSalvo was not named as a defendant, and the action was discontinued against the remaining defendants in 1999. Dr. Howe subsequently moved for summary judgment dismissing the complaint as barred by the statute of limitations (see CPLR 214-a). Dr. Howe alleged that since the action was commenced on September 8, 1997, any claims based on acts of malpractice committed before March 8, 1995, were time-barred, and he last treated the plaintiff on December 29, 1994. Dr. Howe further contended that he could not be held vicariously liable for any negligent treatment rendered thereafter by Dr. DeSalvo. In addition, Dr. Howe moved for summary judgment on the ground that his treatment of the plaintiff did not depart from good and accepted standards of care. The Supreme Court granted the motion and dismissed the complaint.

Contrary to the determination of the Supreme Court, we conclude that Dr. Howe failed to establish as a matter of law that he cannot be held vicariously liable for treatment rendered by Dr. DeSalvo. Although vicarious liability for medical malpractice generally turns upon agency or control, apparent or ostensible agency may also serve as a predicate for such liability (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Santiago v Archer, 136 AD2d 690). In his motion papers, Dr. Howe failed to establish that the plaintiff was informed of the intended takeover of his practice by APPLE or that Dr. DeSalvo was an employee of APPLE, rather than a physician in practice with him. Although Dr. Howe testified at his deposition that the plaintiff was APPLE's patient on November 10, 1994, he treated her on that day and on several occasions thereafter in the absence of Dr. DeSalvo. No proof was offered that the plaintiff was informed that she should no longer consider herself Dr. Howe's patient. Under the circumstances, whether Dr. Howe can be held vicariously liable for any negligence of Dr. DeSalvo based on the ostensible agency theory presents a question for the jury (see Kimiatek v Post, 240 AD2d 372; Gunther v Staten Is. Hosp., 226 AD2d 427). Accordingly, since Dr. DeSalvo treated the plaintiff after March 8, 1995, the Supreme Court erred in dismissing the entire complaint as time-barred.

However, we agree with the Supreme Court that the continuous treatment doctrine does not apply to toll the statute of limitations with respect to any alleged acts of malpractice committed before March 8, 1995. Dr. Howe met his burden of establishing that the plaintiff did not undergo a continuous course of treatment for the same condition upon which her allegations of malpractice are predicated (see Young v New York City Health & Hosps. Corp., 91 NY2d 291; McDermott v Torre, 56 NY2d 399; Monello v Sottile, Megna, 281 AD2d 463). In response, the plaintiff failed to present evidence sufficient to raise a triable issue of fact. Therefore, the plaintiff's complaint insofar as it is based on treatment rendered by either Dr. Howe or Dr. DeSalvo before March 8, 1995, is time-barred.

Finally, the Supreme Court improperly shifted the burden of proof on the summary judgment motion to the plaintiff with respect to Dr. Howe's contention that his treatment was not negligent. It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). In his affi-

davit, Dr. Howe stated in conclusory fashion that his treatment of the plaintiff "did not depart from good and accepted standards of medical care," and he failed to respond to the plaintiff's allegations in her bills of particulars that appropriate tests were not ordered (*see Brosnan v Shafron,* 278 AD2d 442; *Graber v Zwanger,* 175 AD2d 911). Since Dr. Howe failed to make a prima facie showing of entitlement to judgment as a matter of law, he was not entitled to summary judgment on the ground that the plaintiff's claim lacked merit regardless of the sufficiency of the affidavit submitted by the plaintiff's expert (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.