*334 In an action to recover damages for "personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County. (Flug, J.), dated October 15, 2001, as denied that branch of their motion which was for partial summary judgment on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1) and granted those branches of the motion of the defendants New York City School Construction Authority and the Board of Education of the City of New York which were for summary judgment dismissing the causes of action pursuant to Labor Law § 200 and based on common-law negligence insofar as asserted against them; the defendants New York City School Construction Authority and the Board of Education of the City of New York separately cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against them, and the defendant Babcock Davis Hatchways, Inc., separately cross-appeals, as limited by its brief, from so much of the same order as granted those branches of the motion of the defendants New York City School Construction Authority and the Board of Education of the City of New York which were for summary judgment dismissing its cross claims against those defendants for common-law indemnification and contribution.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants New York City School Construction Authority and the Board of Education of the City of New York which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) insofar as asserted against those defendants, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants New York City School Construction Authority and the Board of Education of the City of New York payable by the plaintiffs and Babcock Davis Hatchways, Inc.
The injured plaintiff was employed by Citnalta Construction
*335 Corporation which had contracted with the defendant New York City School Construction Authority (hereinafter the SCA) to perform boiler renovation work at a property owned by the defendant Board of Education of the City of New York (hereinafter the Board). The injured plaintiff was the project superintendent.
On the date of the accident, the injured plaintiff was on his way to the boiler room to conduct a final walk-through inspection. In order to gain access to the boiler room, the injured plaintiff crawled through the open hatchway cover of an ashpit vault and began descending a permanently-fixed ladder. When his shoulders were level with the hatchway opening, the hatchway door closed on his head, causing him to fall 12 feet to the ground. The hatchway door, which was manufactured by the defendant Babcock Davis Hatchways, Inc. (hereinafter Babcock), was kept open by a spring attached to a slide arm and hold-handle.
The Supreme Court erred in denying that branch of the motion of the SCA and the Board which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1). The permanently-fixed ladder functioned properly, and the injured plaintiff fell only after he was hit by the closing hatchway cover. However, the hatchway cover does not constitute a “falling object” (see Melber v 6333 Main St., 91 NY2d 759, 763 [1998]; Misseritti v Mark IV Constr. Co., 86 NY2d 487, 490-491 [1995]). To come within the ambit of the statute, the injured plaintiff must show that an object fell “while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute” (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001] [emphasis in original]; see Labor Law § 240 [1] [listing “scaffolding,” “hoists,” “stays,” “ladders,” “slings,” “hangers,” “pulleys,” “braces,” and “ropes,” to name a few of the devices]). The fact that gravity worked upon the hatchway cover and caused the injury is insufficient to support a Labor Law § 240 (1) claim (see Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841, 843 [1994]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; Fegundes v New York Tel. Co., 285 AD2d 526, 527 [2001]; Maggi v Innovax Methods Group Co., 250 AD2d 576 [1998]; cf. Quinlan v Eastern Refractories Co., 217 AD2d 819, 820 [1995]; Davis v Pizzagalli Constr. Co., 186 AD2d 960, 961 [1992]). This was clearly a general hazard of the workplace, not one contemplated to be subject to Labor Law § 240 (1) (see Misseritti v Mark IV Constr. Co., supra).
Moreover, the Board and the SCA established their entitle *336 ment to summary judgment dismissing the causes of action pursuant to Labor Law § 200 and common-law negligence by demonstrating that they did not exercise control over the work performed, or have actual or constructive notice of the allegedly dangerous condition (see Russin v Picciano & Son, 54 NY2d 311, 317 [1981]; Bright v Orange & Rockland Utils., 284 AD2d 359, 360 [2001]; Braun v Fischbach & Moore, 280 AD2d 506, 507 [2001]; Loiacono v Lehrer McGovern Bovis, 270 AD2d 464, 465 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Furthermore, the Supreme Court properly granted those branches of the motion of the Board and the SCA which were for summary judgment dismissing Babcock’s cross claims for common-law indemnification and contribution. In opposition to the prima facie showing of their entitlement to judgment as a matter of law dismissing these cross claims, Babcock interposed an attorney’s affirmation claiming that the motion was premature, but otherwise failed to submit any evidence that the Board or the SCA exercised any control over the injured plaintiff’s work (see Loiacono v Lehrer McGovern Bovis, supra; cf. Dawson v Pavarini Constr. Co., 228 AD2d 466, 468 [1996]).
We note that the Board’s notice of cross appeal was limited to so much of the order as denied that branch of its motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1). Thus, the Board’s contention that the Supreme Court erred in denying that branch of its motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) is not properly before us (see CPLR 5515 [1]; Flemmings v St. Marks Hous. Assoc., Phase II, 272 AD2d 442, 444 [2000]; Vias v Rohan, 119 AD2d 672 [1986]). Florio, J.P., Schmidt, Crane and Cozier, JJ., concur.