■ MICHAEL DELLACONA et al., Respondents, v BARRY DORF et al., Defendant, and FRANKLIN HOSPITAL MEDICAL CENTER, Appellant. [774 NYS2d 776]—

In an action to recover damages for medical malpractice, etc., the defendant Franklin Hospital Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated January 29, 2003, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In support of its cross motion for summary judgment dismissing the complaint insofar as asserted against it, the defendant Franklin Hospital Medical Center (hereinafter Franklin Hospital) made a prima facie showing of its entitlement to judgment as a matter of law (see O'Shaughnessy v Hines, 248 AD2d 687, 688 [1998]). The burden then shifted to the plaintiffs to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit attesting to a departure from accepted practice and containing an opinion that Franklin Hospital's acts or omissions were a competent producing cause of the injury (see Domaradzki v Glen Cove Ob/Gyn Assoc., 242 AD2d 282 [1997]). The conclusory affidavit of the plaintiffs' medical expert failed to differentiate between the acts and omissions of the different defendants and failed to demonstrate that any alleged departure of Franklin Hospital was a proximate cause of the injured plaintiff's injuries. This was insufficient to defeat summary judgment (see Kaplan v Hamilton Med. Assoc., 262 AD2d 609, 610 [1999]; Yasin v Manhattan Eye, Ear & Throat Hosp., 254 AD2d 281, 283 [1998]). Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.