■ In the Matter of HAVERSTRAW VILLAGE POLICEMAN'S BENEVOLENT ASSOCIATION, INC., Respondent, v TOWN OF HAVERSTRAW et al., Appellants, et al., Respondents. [790 NYS2d 671]—In a proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the Town of Haverstraw, Howard Phillips, in his capacity as Supervisor of the Town of Haverstraw, Paul Piperato, Michael Grant, Frank Rundel, and Isador Cansell, in their capacities as councilpersons of the Town of Haverstraw, to notify the New York State Civil Service Commission pursuant to Civil Service Law § 83-a for the purpose of creating a police advisory board, the Town of Haverstraw, Howard Phillips, Paul Piperato, Frank Rundel, and Isador Cansell appeal, and the Town of Haverstraw, PBA separately appeals, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated October 27, 2003, as granted that branch of the petition which was to compel the Town of Haverstraw to make the requisite notification.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [b] [1]; [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the petitioner, payable by the appellants appearing separately and filing separate briefs.

Under the circumstances of this case, the agreement dated March 13, 2003, between the Village of Haverstraw and the Town of Haverstraw (hereinafter the Town) contemplated a consolidation of their respective police forces as of December 31, 2005. Accordingly, pursuant to Civil Service Law § 83-a, the Town is required to notify the New York State Civil Service Commission (hereinafter the CSC) of the upcoming consolidation for the purpose of creating a police advisory board.

We note that both of the separate notices of appeal limit the respective appeals to so much of the Supreme Court's order as granted that branch of the petition which was to direct the Town to notify the CSC of the planned consolidation. Thus, the appellants' remaining contention on appeal, that the Supreme Court erred when, in effect, it denied that branch of the motion of the Town of Haverstraw, PBA which was to dismiss the proceeding for failure to join purportedly necessary parties, is beyond the scope of our review (*see* CPLR 5515 [1]; *O'Donoghue v New York City School Constr. Auth.*, 1 AD3d 333 [2003]; *Joslin v Lopez*, 309 AD2d 837 [2003]; *Vias v Rohan*, 119 AD2d 672 [1986]). We further note that although a brief was submitted on behalf of Michael Grant, in his capacity as councilperson of the Town, no notice of appeal was filed on his behalf. Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.