■ ADAM ZEZULA, Appellant, v CITY OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Respondents. CHARLES A. DIMINO, INC., Third-Party Defendant-Respondent. [796 NYS2d 390]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his main brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 12, 2004, as granted that branch of the motion of the third-party defendant, Charles A. Dimino, Inc., which was for summary judgment dismissing the complaint to the extent that it sought to recover damages pursuant to Labor Law § 240 (1) and granted those branches of the separate motion of the defendants third-party plaintiffs, City of New York and Board of Education of the City of New York, which were for summary judgment dismissing the complaint to the extent that it sought to recover damages for common-law negligence and pursuant to Labor Law §§ 200 and 240 (1).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when a piece of metal broke from the chisel he was hitting with a sledge hammer in an effort to connect a coupling between a motor and its pump. The metal piece struck him in the left eye, blinding him. The plaintiff commenced this action, inter alia, to recover damages based on common-law negligence and pursuant to Labor Law §§ 200 and 240 (1). The defendants third-party plaintiffs, City of New York and Board of Education of the City of New York, brought a third-party action against the plaintiff's employer, Charles A. Dimino, Inc.

The respondents established their entitlement to summary judgment dismissing the complaint to the extent that it sought to recover damages based on a violation of Labor Law § 240 (1). The evidence established that the plaintiff's injury did not result from an elevation-related risk (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact. Accordingly, the Supreme Court properly determined that the plaintiff was not entitled to recover damages pursuant to Labor Law § 240 (1) (*see Bomova v KMK Realty Corp.*, 255 AD2d 351 [1998]; *White v Dorose Holding*, 216 AD2d 290 [1995]; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657 [1994]).

The Supreme Court also properly granted those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing the complaint to the extent that it sought to recover damages pursuant to Labor Law § 200 and for common-law negligence. The defendants third-party plaintiffs submitted evidence sufficient to establish that they neither exercised supervision and control over the work performed nor had actual or constructive notice of any alleged defective condition (*see Bright v Orange & Rockland Util.,* 284 AD2d 359, 360 [2001]; *Braun v Fischbach & Moore,* 280 AD2d 506, 507 [2001]; *Loiacono v Lehrer McGovern Bovis,* 270 AD2d 464, 465 [2000]; *Cuartas v Kourkoumelis,* 265 AD2d 293, 294 [1999]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact.

We do not address the plaintiff's arguments addressed to the alleged violation of Labor Law § 241 (6) since those arguments were raised only in his reply brief (*see Williams v City of White Plains,* 6 AD3d 609 [2004]; *Coppola v Coppola,* 291 AD2d 477 [2002]). Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.