■ LILY JOHNSON, Appellant-Respondent, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Respondents, JAMAICA HOSPITAL et al., Respondents-Appellants, et al., Defendant. [806 NYS2d 614]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated February 11, 2004, as granted the motion of the defendant North Shore University Hospital at Forest Hills, as successor-in-interest of LaGuardia Hospital, which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the separate motion of the defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, Balvinder Singh Sareen, Eladio Dieguez, and

Surujpaul Ragnauth which was for summary judgment dismissing the complaint insofar as asserted against the defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, and Eladio Dieguez, and the defendants Jamaica Hospital and Rolando R. Roman separately appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, Balvinder Singh Sareen, Eladio Dieguez, and Surujpaul Ragnauth which was for summary judgment dismissing the complaint insofar as asserted against the defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, and Eladio Dieguez, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant North Shore University Hospital at Forest Hills, as successor-in-interest of LaGuardia Hospital, payable by the plaintiff, one bill of costs to the plaintiff, payable by the defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, and Eladio Dieguez, and one bill of costs to the plaintiff, payable by the defendants Jamaica Hospital and Rolando R. Roman, and the complaint is reinstated insofar as asserted against the defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, and Eladio Dieguez.

"In a medical malpractice action, the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by showing the absence of a triable issue of fact as to whether the defendant physician was negligent" (*Taylor v Nyack Hosp.*, 18 AD3d 537, 538 [2005]). If the moving party makes such showing, the burden then shifts to the plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit attesting to a departure from accepted practice and containing an opinion that the defendant's acts or omissions were a competent producing cause of the injury (*see Dellacona v Dorf,* 5 AD3d 625 [2004]).

Here, the defendant North Shore University Hospital at Forest Hills, as successor-in-interest of LaGuardia Hospital (hereinafter North Shore), established its prima facie entitlement to summary judgment by submitting evidence demonstrating that its emergency room care of the decedent did not deviate from good and accepted standards of medical practice (*see Taylor v Nyack Hosp., supra; Reyz v Khelemsky,* 10 AD3d 714 [2004]).

Contrary to the plaintiff's contention, her medical expert failed to raise a triable issue of fact as to whether North Shore's conduct constituted a departure from the requisite standard of emergency room care (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Therefore, the grant of North Shore's motion for summary judgment was proper.

The Supreme Court also properly denied the separate motion of the defendants Jamaica Hospital and Rolando R. Roman (hereinafter the hospital defendants) for summary judgment dismissing the complaint insofar as asserted against them, as those defendants failed to establish their prima facie entitlement to such relief. The affirmation submitted by the hospital defendants' medical expert stated in conclusory terms that those defendants did not depart from the requisite standard of care, and the expert further failed to respond to the allegations set forth in the plaintiff's bill of particulars (*see Williams v Howe,* 297 AD2d 671, 672-673 [2002]).

The defendants Queens-Long Island Medical Group, P.C., Arthur Gray, Jr., Asha Haldea, and Eladio Dieguez (hereinafter the Group) established their prima facie entitlement to summary judgment by presenting evidence demonstrating that their treatment of the decedent did not deviate from good and accepted standards of medical practice (*see Taylor v Nyack Hosp., supra; Reyz v Khelemsky, supra*). However, the plaintiff's medical expert raised a triable issue of fact as to whether the Group's treatment of the decedent departed from good and accepted standards of medical practice (*see Taylor v Nyack Hosp., supra; Reyz v Khelemsky, supra; Zarzana v Sheepshead Bay Obstetrics & Gynecology,* 289 AD2d 570, 571 [2001]; *Walker v Mount Vernon Hosp.,* 272 AD2d 468 [2000]; *Weissman v Wider,* 235 AD2d 474 [1997]). Therefore, the Supreme Court erred in awarding summary judgment to the Group.

We note that the plaintiff's notice of appeal limits her appeal to so much of the Supreme Court's order as awarded summary judgment to the Group and North Shore. Thus, the plaintiff's remaining contentions on appeal, that the Supreme Court erred in awarding summary judgment to the defendants Balvinder Singh Sareen and Surujpaul Ragnauth and in denying her cross motion for summary judgment, are not properly before us (*see* CPLR 5515 [1]; *Matter of Haverstraw Vil. Policeman's Benevolent Assn., Inc. v Town of Haverstraw,* 15 AD3d 403, 404 [2005]; *O'Donoghue v New York City School Constr. Auth.,* 1 AD3d 333, 336 [2003]; *Vias v Rohan,* 119 AD2d 672 [1986]). Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.