■ BUENAVENTURA RODRIGUEZ, Appellant-Respondent, et al., Plaintiff, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Respondents-Appellants, and STEPHEN HOSMER, Respondent, et al., Defendants. [815 NYS2d 710]—

In an action to recover damages for medical malpractice, etc., the plaintiff Buenaventura Rodriguez appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated May 20, 2005, as granted the motion of the defendant Stephen Hosmer for summary judgment dismissing the complaint insofar as asserted against him, and the defendants Wyckoff Heights Medical Center and "Pat" Ro-

man separately cross-appeal from so much of the same order as denied their respective cross motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Stephen Hosmer for summary judgment dismissing the complaint insofar as asserted against him and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs payable to the plaintiff Buenaventura Rodriguez by the defendants Stephen Hosmer, Wyckoff Heights Medical Center, and "Pat" Roman.

The plaintiff Buenaventura Rodriguez and her husband commenced this medical malpractice action to recover damages for injuries she sustained during childbirth against, inter alia, Wyckoff Heights Medical Center (hereinafter Wyckoff), the attending physician, the defendant Stephen Hosmer, and a certified nurse midwife employed by Wyckoff who was present at the birth, Patricia "Pat" Roman. The evidence adduced during discovery established that Rodriguez was admitted to Wyckoff with contractions after she was examined by Hosmer at approximately 11:00 P.M. on September 5, 2001. At approximately 12:25 A.M. on September 6, 2001, after Roman examined Rodriguez, a second-year OB/GYN resident also examined her and performed an amniotomy to hasten labor. Fifteen minutes later Rodriguez went into active labor.

The second-year OB/GYN resident ultimately delivered the child, with some assistance from Roman, but without the presence of Hosmer. Rodriguez received neither an epidural nor an episiotomy. After the baby's head was out of the birth canal, complications arose because of a shoulder dystocia problem. With the advice of Roman and the assistance of two nurses, maneuvers were performed to release the fetal shoulders. Rodriguez sustained a large vaginal laceration during the delivery, requiring surgery.

The affirmations submitted by the defendants Hosmer, Wyckoff Heights, and Roman were insufficient to establish a prima facie showing of entitlement to judgment as a matter of law to rebut the many allegations of departures from accepted medical practice in the bill of particulars. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.