■ VICTOR SAVAGE et al., Appellants, v JOHN L. FRANCO et al., Respondents, et al., Defendants. [827 NYS2d 210]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated March 11, 2005, as granted the motion of the defendants John L. Franco, Alfred P. Belding, Frances X. Gleason, James A. Dragone, and John L. Franco, Alfred P. Belding, Frances X. Gleason, and James A. Dragone, P.C., for summary judgment dismissing the complaint insofar as asserted against them, and granted the separate motions of the defendants Siddarth Sharma and Lester

Kallus, respectively, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered August 15, 2005, which, upon the order, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against those defendants. The notice of appeal from the order dated March 11, 2005 is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the complaint insofar as asserted against the defendants John L. Franco, Siddarth Sharma, and Lester Kallus; as so modified, the judgment is affirmed, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants John L. Franco, Siddarth Sharma, and Lester Kallus is denied, the complaint insofar as asserted against those defendants is reinstated and severed, and the order dated March 11, 2005, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants John L. Franco, Siddarth Sharma, and Lester Kallus.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"In a medical malpractice action, the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by showing the absence of a triable issue of fact as to whether the defendant physician was negligent" (*Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525, 526 [2005] [citation and internal quotation marks omitted]). If the moving party makes its prima facie showing, then the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit attesting to a departure from accepted practice and containing an opinion that the defendant's acts or omissions were a competent producing cause of the injury (*see Johnson v Queens-Long Is. Med. Group, supra* at 526; *Dellacona v Dorf*, 5 AD3d 625 [2004]).

Here, contrary to the plaintiffs' contention, the defendants John L. Franco, Alfred P. Belding, Frances X. Gleason, James A.

Dragone, and John L. Franco, Alfred P. Belding, Frances X. Gleason, and James A. Dragone, P.C., (hereinafter the Franco defendants) established their prima facie entitlement to summary judgment by presenting evidence which showed the absence of any triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Mendez v City of New York*, 295 AD2d 487, 488 [2002]). In opposition to the motion, however, with respect to Dr. Franco, the affidavit of the plaintiffs' expert raised a triable issue of fact as to whether Dr. Franco's treatment of the infant plaintiff was a departure from accepted practice, and that his acts or omissions were a competent producing cause of the subject injuries (see *Taylor v Nyack Hosp.*, 18 AD3d 537, 538 [2005]; *Reyz v Khelemsky*, 10 AD3d 714, 715 [2004]). Therefore, the Supreme Court erred in awarding summary judgment to Dr. Franco.

The Supreme Court also erred in granting the separate motions of the defendants Siddarth Sharma and Lester Kallus for summary judgment dismissing the complaint insofar as asserted against them, as those defendants failed to establish their prima facie entitlement to such relief. Drs. Sharma and Kallus relied on the affirmation of the Franco defendants' expert, which did not address the standard of care rendered by Drs. Sharma and Kallus (see *Guerin v North Shore Univ. Hosp.*, 13 AD3d 481 [2004]; *Christiana v Benedictine Hosp.*, 248 AD2d 910 [1998]), and it failed to refute many of the allegations of departures from accepted medical practice, with respect to Drs. Sharma and Kallus, set forth in the bill of particulars (see *Rodriguez v Wyckoff Hgts. Med. Ctr.*, 29 AD3d 885 [2006]; *Berkey v Emma*, 291 AD2d 517, 518 [2002]; *Kenny v Parkway Hosp.*, 281 AD2d 596 [2001]). Further, contrary to Dr. Sharma's contention, he failed to establish that his status as a resident exempted him from liability (cf. *Walter v Betancourt*, 283 AD2d 223, 224 [2001]). Since Drs. Sharma and Kallus failed to satisfy their burden, as proponents of summary judgment, it is unnecessary to analyze the sufficiency of the plaintiffs' papers in opposition (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We do not address the plaintiffs' arguments concerning vicarious liability since those arguments were raised for the first time only in the plaintiffs' reply brief (see *Zezula v City of New York*, 19 AD3d 409 [2005]; *Williams v City of White Plains*, 6 AD3d 609 [2004]; *Coppola v Coppola*, 291 AD2d 477 [2002]).

The plaintiffs' remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.