■ GLADYS VERA et al., Appellants-Respondents, v DEREK K. SOOHOO, Respondent, and ST. JOSEPH's HOSPITAL, Respondent-Appellant. [838 NYS2d 154]—In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), dated October 31, 2005, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court entered March 31, 2006, as denied that branch of their motion which was for leave to renew, and

upon reargument, vacated only so much of the order dated October 31, 2005, as granted that branch of the motion of the defendant St. Joseph's Hospital which was to dismiss so much of the complaint as alleges, among other things, medical malpractice only during the period from July 15, 1999 to July 22, 1999, insofar as asserted against the defendant St. Joseph's Hospital, and the defendant St. Joseph's Hospital cross-appeals, as limited by its brief, from so much of the order entered March 31, 2006, as upon reargument, vacated so much of the order dated October 31, 2005, as granted that branch of its motion which was to dismiss so much of the complaint as alleges, inter alia, medical malpractice during the period from July 15, 1999 to July 22, 1999, insofar as asserted against it.

Ordered that the appeal from the order dated October 31, 2005 is dismissed, as that order was superseded by the order entered March 31, 2006 made upon reargument; and it is further,

Ordered that the order entered March 31, 2006 is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs as awarded to the defendant Derek K. Soohoo payable by the plaintiffs.

"In a medical malpractice action, the party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by showing the absence of a triable issue of fact as to whether the defendant physician was negligent" (*Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525, 526 [2005] [internal quotation marks omitted]). If the defendant makes its prima facie showing, then the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit attesting to a departure from accepted practice and containing an opinion that the defendant's acts or omissions were a competent producing cause of the injury (*see Thompson v Orner*, 36 AD3d 791 [2007]; *Johnson v Queens-Long Is. Med. Group, P.C.*, *supra*; *Dellacona v Dorf*, 5 AD3d 625 [2004]).

The defendant Derek K. Soohoo, established his prima facie entitlement to summary judgment. In opposition, the plaintiffs' expert failed to raise a triable issue of fact as to whether any alleged negligence caused the decedent's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Mendez v City of New York*, 295 AD2d 487, 488 [2002]). Accordingly, contrary to the plaintiffs' contention, the Supreme Court properly dismissed the cause of action alleging medical malpractice insofar as the plaintiffs sought to recover damages for conscious pain and suffering against Soohoo (*see e.g. Biggs v Mary Immaculate Hosp.*, 303 AD2d 702, 703-704 [2003]).

The Supreme Court also properly determined that the defendant St. Joseph's Hospital (hereinafter the Hospital) failed to establish its prima facie entitlement to summary judgment with respect to its treatment rendered from July 15, 1999 to July 22, 1999. The Hospital relied on the affirmation of Soohoo's expert, which did not address the standard of care rendered by the Hospital for that time frame (*see Savage v Franco*, 35 AD3d 581 [2006]; *Guerin v North Shore Univ. Hosp.*, 13 AD3d 481 [2004]; *Christiana v Benedictine Hosp.*, 248 AD2d 910 [1998]). Since the Hospital failed to satisfy its burden of proof with respect to its treatment of the decedent from July 15, 1999 to July 22, 1999, it is unnecessary to analyze the sufficiency of the plaintiffs' opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

To the extent that the plaintiffs contend that the complaint should have been reinstated against the Hospital for the treatment rendered on July 14, 1999, this contention is raised for the first time on appeal. The plaintiffs failed to make any argument regarding the Hospital's alleged negligence on that date. Moreover, in opposition to the Hospital's motion for summary judgment, as well as in their motion, inter alia, for leave to reargue, the plaintiffs restricted their arguments to treatment rendered on or after July 15, 1999.

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.