■ KHALID CHAM et al., Appellants, v ST. MARY'S HOSPITAL OF BROOKLYN, Respondent, et al., Defendant. [901 NYS2d 65]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated November 10, 2008, which granted the motion of the defendant St. Mary's Hospital of Brooklyn for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant St. Mary's Hospital of Brooklyn for summary judgment dismissing the complaint insofar as asserted against it is denied.

The complaint alleged, inter alia, that Khalid Cham (hereinafter the infant plaintiff) suffered debilitating birth defects as a result of the negligence of the defendant St. Mary's Hospital of Brooklyn (hereinafter St. Mary's) and the defendant Jean Lochard, M.D. (hereinafter Dr. Lochard) during the delivery of the infant plaintiff. In its motion for summary judgment, St. Mary's asserted that the infant plaintiff's mother, Martine Eugene (hereinafter the plaintiff), was Dr. Lochard's private patient. Consequently, St. Mary's contended that it could not be held liable for the infant plaintiff's injuries because the hospital staff appropriately executed the directives of Dr. Lochard. Further, St. Mary's argued that there were no circumstances under which St. Mary's resident physicians and nurses, who were attending to the plaintiff, were required to question the correctness of Dr. Lochard's actions or orders. The Supreme Court granted St. Mary's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

The order appealed from correctly articulated the applicable law. A hospital may not be held liable for injuries suffered by a patient who is under the care of a private attending physician chosen by the patient where the resident physicians and nurses employed by the hospital merely carry out the orders of the private attending physician, unless the hospital staff commits "independent acts of negligence or the attending physician's orders are contradicted by normal practice" (*Cerny v Williams*, 32 AD3d 881, 883 [2006]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 [1968]; *Petty v Pilgrim*, 22 AD3d 478, 479 [2005]; *Pearce v Klein*, 293 AD2d 593 [2002]). However, under the circumstances of this case, the Supreme Court misapplied the law.

In a medical malpractice action, the moving defendant bears the burden of proving the absence of any departure from good and accepted standards of medical practice, or even in the presence of said departures that the plaintiff was injured thereby (*see Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d 431,

433 [2009]; *Larsen v Loychusuk*, 55 AD3d 560 [2008]). In pursuance of its prima facie burden of proof, the moving defendant is required to address the factual allegations set forth in the plaintiffs' bill of particulars with reference to the moving defendant's alleged acts of negligence and the injuries suffered with competent medical proof (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). It is only after the movant has carried its prima facie burden that the nonmoving party is required to submit competent proof in opposition for the purpose of establishing the presence of material issues of fact (*id.*).

Here, St. Mary's failed to establish its prima facie entitlement to judgment as a matter of law. In support of its motion for summary judgment, St. Mary's submitted, inter alia, an affidavit from its expert, Dr. Henry Prince, who focused almost entirely on the fact that the plaintiff was Dr. Lochard's patient. This was not a matter in contention, nor was it a dispositive fact, as the allegations in the plaintiffs' bill of particulars were not so limited. A review of Dr. Prince's affidavit reveals that he limited his record references exclusively to the treatment, notes, findings and orders made by Dr. Lochard. Nevertheless, Dr. Prince opined that "there is no evidence of any negligence by the St. Mary's Hospital of Brooklyn staff . . . [and] . . . [that they] appropriately executed the directives of the private attending physician . . . [and] that there is no act that the St. Mary's Hospital of Brooklyn staff committed or omitted that is causally related to the injuries alleged." However, in rendering his opinion, Dr. Prince did not make a single reference to the treatment rendered, examinations performed, or observations made by the hospital resident physicians or the members of the nursing staff pursuant to Dr. Lochard's orders, except for the nursing note documenting the transfer of the plaintiff to the delivery room. Moreover, in his conclusion on the issue of causation, Dr. Prince made no reference to the specific injuries alleged in the bill of particulars. Further, Dr. Prince's assertion that "[t]he plaintiff's allegations regarding the labor and delivery plainly relate to the conduct of the private attending obstetrician, Dr. Lochard, and not those of St. Mary's . . . , as Dr. Lochard managed, supervised and participated in all phases of the actual delivery" is plainly contradicted by the bill of particulars and the medical records.

Since Dr. Prince failed to address all of the significant factual allegations of the bill of particulars and his opinion is plainly contradicted by the facts in the record, and since he failed to ar-

ticulate the facts with reference to the management of the plaintiff's care by the hospital staff upon which he based his opinion, Dr. Prince's affidavit was conclusory as to both the issues of medical negligence and causation, and thereby insufficient to establish St. Mary's prima facie entitlement to summary judgment (*see Savage v Franco*, 35 AD3d 581, 583 [2006]; *Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525, 527 [2005]; *Hutchinson v Bernstein*, 22 AD3d 527 [2005]; *Williams v Howe*, 297 AD2d 671, 673 [2002]; *Brosnan v Shafron*, 278 AD2d 442 [2000]; *Cicolello v Limb*, 216 AD2d 434 [1995]). In light of St. Mary's failure to meet its prima facie burden, we need not address the sufficiency of the plaintiffs' opposing papers (*see Vera v Soohoo*, 41 AD3d 586, 588 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.