■ BENJAMIN BARRAGAN, JR., Respondent, v CITY SCHOOL DISTRICT OF NEW ROCHELLE, Appellant. [991 NYS2d 367]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered September 3, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, then a senior at New Rochelle High School, a school within the defendant City School District of New Rochelle, cut his finger while working on a project in architecture class. He was sent to the school nurses' office to receive care. One of the nurses instructed him to wash his finger at the sink unattended. After walking back from the sink, the plaintiff remained standing while the nurse dabbed alcohol on the cut and applied a bandage to it. As the nurse was attending to the plaintiff's finger, the plaintiff fell and struck his head on the tile floor, allegedly causing cerebral hemorrhaging for which he required hospitalization.

The plaintiff commenced this action against the defendant, alleging that it proximately caused his injuries when it failed to properly supervise him in loco parentis following his injury. Further, he alleged that the defendant departed from good and accepted standards of school nursing care in its failure to perform a proper school nursing assessment of him and to provide appropriate medical treatment. In particular, the plaintiff claimed that the defendant's school nursing staff was negligent in failing to review his medical chart either before or while rendering care to him and permitting him to be left standing unattended, when the staff knew or should have known that doing so was hazardous and dangerous.

The defendant moved for summary judgment dismissing the complaint. In support of its motion, the defendant submitted, inter alia, the plaintiff's school medical records, the transcript of the plaintiff's General Municipal Law § 50-h hearing testimony, and the transcript of the plaintiff's deposition testimony. This evidence failed to eliminate triable issues of fact as to whether the school was on notice that the plaintiff had a prior history of fainting and as to whether the plaintiff informed the nurse on the day of the incident that he was feeling lightheaded. Under these circumstances, the defendant failed to make a prima facie showing that it did not breach its duty to supervise the plaintiff in loco parentis (*see Mirand v City of New York*, 84 NY2d 44 [1994]) and/or breach its separate duty to provide the plaintiff with adequate nursing care, which proximately caused the plaintiff's injuries (*see Cham v St. Mary's Hosp. of Brooklyn*, 72 AD3d 1003, 1005-1006 [2010]; *cf. Begley v City of New York*, 111 AD3d 5 [2013]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.