Garcia-DeSoto v Velpula (2018 NY Slip Op 05576)





Garcia-DeSoto v Velpula


2018 NY Slip Op 05576


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-06725
 (Index No. 9262/14)

[*1]Ana Garcia-DeSoto, appellant, 
v
Sanjeeva Velpula, etc., et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated May 2, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff brought this action to recover damages for medical malpractice for injuries she alleges she sustained during the course of a total abdominal hysterectomy performed by the defendant Sanjeeva Velpula at the defendant New York Methodist Hospital. The defendants moved for summary judgment dismissing the complaint and submitted an expert affirmation from a physician in support of the motion. The plaintiff submitted an expert affirmation from another physician in opposition to the motion.
We disagree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint, as the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In order to meet their prima facie burden, the defendants were required to address, with competent medical evidence, the factual allegations set forth in the plaintiff's bill of particulars with reference to the defendants' alleged acts of negligence and the injuries sustained (see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003). Medical expert affirmations that fail to address the essential factual allegations in the plaintiff's complaint or bill of particulars fail to establish prima facie entitlement to judgment as a matter of law (see Roques v Noble, 73 AD3d 204, 206). Bare conclusory assertions by a defendant that he or she did not deviate from good and accepted medical practice, with no factual detail with respect to the alleged injury, do not establish that the cause of action has no merit so as to entitle a defendant to summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; DiLorenzo v Zaso, 148 AD3d at 1112; Wasserman v Carella, 307 AD2d 225, 226).
The affirmation submitted by the defendants' medical expert stated in conclusory terms that Velpula performed the hysterectomy in the appropriate fashion, and that the defendants [*2]did not depart from the requisite standard of care. The defendants' expert further failed to respond to the allegations set forth in the plaintiff's bill of particulars (see Johnson v Queens-Long Is. Med. Group, P.C., 23 AD3d 525, 527). Since the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, they were not entitled to summary judgment, regardless of the sufficiency of the affirmation submitted by the plaintiff's expert (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Williams v Howe, 297 AD2d 671, 672).
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court