■ CECILIA GUERIN, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL et al., Defendants, and ST. FRANCIS HOSPITAL FOUNDATION, INC., Appellant. [787 NYS2d 349]—

In an action, inter alia, to recover damages for medical malpractice, the defendant St. Francis Hospital Foundation, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated July 18, 2003, as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it, and (2) an order of the same court, dated November 17, 2003, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated July 18, 2003, is dismissed, as that order was superseded by the order dated November 17, 2003, made upon renewal; and it is further,

Ordered that the order dated November 17, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendant St. Francis Hospital Foundation, Inc. (hereinafter St. Francis), in relying principally on the affirmation of the expert witness of its codefendant North Shore University Hospital (hereinafter North Shore), submitted in support of North Shore's motion for summary judgment, failed to establish, prima facie, that an alleged delay in transferring the plaintiff's decedent from St. Francis to North Shore was not a departure from accepted medical standards (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Christiana v Benedictine Hosp.,* 248 AD2d 910 [1998]). The expert's affirmation made no

specific references to the care provided by St. Francis, or, more significantly, to the nature and timeliness of the transfer from St. Francis to North Shore (*see Christiana v Benedictine Hosp., supra; Kenny v Parkway Hosp.,* 281 AD2d 596 [2001]). Given its failure to make such a showing, the motion for summary judgment must be denied regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Quinn v Nyack Hosp.,* 286 AD2d 675 [2001]). Thus, upon renewal the Supreme Court properly adhered to its prior determination denying the motion of St. Francis for summary judgment dismissing the amended complaint insofar as asserted against it. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.