■ JOSEPHINE DELTORO, Appellant, v YASHPAL ARYA, Defendant, and WYCKOFF HEIGHTS MEDICAL CENTER, Respondent. [845 NYS2d 78]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), dated March 31, 2005, which granted the motion of the defendant Wyckoff Heights Medical Center for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Wyckoff Heights Medical Center for summary judgment dismissing the complaint insofar as asserted against it is denied.

Under the doctrine of respondeat superior, a hospital may be vicariously liable for the medical malpractice of physicians who act in an employment or agency capacity (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 79 [1986]; *Bing v Thunig,* 2 NY2d 656, 666 [1957]). The determination of whether a particular act was within the scope of employment is heavily dependent on factual considerations and is ordinarily a question for the jury (*see Patterson v Khan,* 240 AD2d 644 [1997]).

Here, the evidence presented by the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff) was insufficient to demonstrate its entitlement to judgment as a matter of law on the ground that the defendant Yashpal Arya was not its employee or agent (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Rather, it is undisputed that Arya was an employee of Wyckoff. Since triable issues of fact remain as to whether Arya was present at the time the alleged malpractice occurred, and whether he was acting in the scope of his employment as Director of Gastroenterology at Wyckoff, the Supreme Court should have denied Wyckoff's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Halkias v Otolaryngology-Facial Plastic Surgery Assoc.,* 282 AD2d 650, 650-651 [2001]). Spolzino, J.P., Santucci, Balkin and Dickerson, JJ., concur.