■ STANLEY PLATO, Appellant, v FRANKLIN GUNERATNE et al., Defendants, and ST. LUKE'S CORNWALL HOSPITAL, as Successor by Merger to St. Luke's Hospital of Newburgh, Respondent. [863 NYS2d 726]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), as granted that branch of motion of the defendant St. Luke's Cornwall Hospital, successor by merger to St. Luke's Hospital of Newburgh, which was for summary judgment dismissing so much of the complaint as sought to recover damages against it for the postoperative care provided to the plaintiff's decedent by its nursing staff and anesthesiologist.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover damages against the defendant St. Luke's Cornwall Hospital, successor by merger to St. Luke's Hospital of Newburgh, for the postoperative care provided to the plaintiff's decedent by its nursing staff and anesthesiologist is denied.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage" (*Rebozo v Wilen,* 41 AD3d 457, 458 [2007]; *see Thompson v Orner,* 36 AD3d 791, 791-792 [2007]). On a motion for summary judgment, a defendant "has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Rebozo v Wilen,* 41 AD3d at 458; *see Williams v Sahay,* 12 AD3d 366, 368 [2004]).

In the instant case, the defendant St. Luke's Cornwall Hospital, successor by merger to St. Luke's Hospital of Newburgh (hereinafter the hospital), failed to demonstrate its entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages based upon postoperative care provided by its nursing staff and anesthesiologist to the plaintiff's decedent (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The affidavit of the hospital's expert regarding the actions of the nursing staff was based on disputed facts (*see Muscatello v City of New York,* 215 AD2d 463, 464 [1995]), and made no specific reference to the postoperative care provided by the resident anesthesiologist (*see Savage v Franco,* 35 AD3d 581, 583 [2006]; *Guerin v North Shore Univ. Hosp.,* 13 AD3d 481, 482 [2004]).

Therefore, the burden did not shift to the plaintiff to raise a

triable issue of fact in response, and, regardless of the sufficiency of the plaintiff's showing, summary judgment was not warranted with respect to the claims alleging medical malpractice in connection with the postoperative care provided by the hospital's nursing staff and resident anesthesiologist (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Drago v King*, 283 AD2d 603 [2001]). Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.