■ Salvatore Guerrera, Respondent, v Robert J. Zysk, Appellant. [990 NYS2d 234]—

In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated November 15, 2012, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for legal malpractice against the defendant, who served as the plaintiff's defense attorney in a nonjury trial in a civil action, commenced in 2003 in the Supreme Court, Suffolk County (hereinafter the 2003 action), and, concomitantly, in connection with a contract of sale of real property which was the basis of a specific performance action in 2005 (hereinafter the 2005 action) before the same court in which the 2003 action had been pending. Thereafter, the defendant moved for summary judgment dismissing the complaint. The motion was denied and the defendant appeals.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that an attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the breach of such duty was the proximate cause of the plaintiff's damages" (*Portilla v Law Offs. of Arcia & Flanagan*, 112 AD3d 901, 901 [2013]). " 'To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence' " (*Barnave v Davis*, 108 AD3d 582, 582 [2013], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). " 'To succeed on a motion for summary judgment, the defendant in a legal malpractice action must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of these essential elements' " (*Affordable Community, Inc. v Simon*, 95 AD3d 1047, 1048 [2012], quoting *Alizio v Feldman*, 82 AD3d 804, 804 [2011]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the plaintiff's fifth cause of action to recover damages for legal malpractice based on the defendant's alleged failure to convey a settlement offer to the plaintiff during the 2003 action. In support of the motion, the defendant submitted a transcript of his deposition, wherein he testified that he was never informed as to the existence of a settlement offer in the 2003 action, and a transcript of the plaintiff's deposition, wherein the plaintiff testified that he had no personal knowledge of the existence of a settlement offer and had heard about it through statements made to him by others.

In opposition, the plaintiff failed to raise a triable issue of fact, as the only evidence submitted to show that a settlement offer was communicated to the defendant consisted of hearsay statements. Such evidence, standing alone, is insufficient to defeat the defendant's motion for summary judgment on this cause of action (*see Mauskopf v 1528 Owners Corp.*, 102 AD3d

930, 931-932 [2013]; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996 [2011]; *Rodriguez v Sixth President*, 4 AD3d 406 [2004]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the fifth cause of action.

However, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the remaining causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Kutner v Catterson*, 56 AD3d 437, 438 [2008]; *Fireman's Fund Ins. Co. v Farrell*, 289 AD2d 286, 288 [2001]), and we need not review the sufficiency of the plaintiff's opposition concerning those causes of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, except as to the fifth cause of action, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.