■ BERTRAND R. DERRICK, Respondent, v NORTH STAR ORTHOPEDICS, PLLC, et al., Appellants. [994 NYS2d 159]—

In an action to recover damages for medical malpractice, the defendant Raz Winiarsky appeals, and the defendants North Star Orthopedics, PLLC, North Star Medical, PLLC, and Paul Ackerman separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated December 13, 2012, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants appearing separately and filing separate briefs, and the separate motions of the defendant Raz Winiarsky and the defendants North Star Orthopedics, PLLC, North Star Medical, PLLC, and Paul Ackerman for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The plaintiff allegedly sustained permanent injuries after undergoing total left knee replacement surgery in November 2004. The surgery was performed by the defendant physicians Raz Winiarsky and Paul Ackerman. In his verified bill of particulars, the plaintiff primarily alleged that the femoral component of the knee implant selected and installed by

Winiarsky and Ackerman was too large, and that the use of this oversized component resulted in stiffness and a decrease in flexion after the surgery. The plaintiff further alleged that, despite physical therapy and a manipulation under anesthesia, he had to undergo revision surgery in July 2006, which was performed by Dr. Henry Tischler, when his condition failed to improve.

The defendants Winiarsky and Ackerman established their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]; Mendez v City of New York, 295 AD2d 487, 488 [2002]). The evidence submitted on Winiarsky's motion including, inter alia, the expert affidavit of Dr. Craig Levitz, demonstrated that Winiarsky and Ackerman installed properly sized components when they performed the total left knee replacement surgery on the plaintiff in November 2004. Levitz opined that the plaintiff's postoperative X rays demonstrated that the components were properly aligned and there was no loosening of any components. Levitz further opined that X rays taken on February 10, 2006, also showed no misalignment or loosening of the components. Levitz stated that, during the revision surgery, which was performed in July 2006, it was revealed that the formation of postoperative scar tissue had prevented flexion of the knee and contributed to loosening of the tibial component. Additionally, Levitz explained that Tischler's revision surgery report did not indicate that any of the components installed during the 2004 surgery were improperly sized, even though X rays of the plaintiff's knee after the 2006 revision surgery showed that Tischler installed larger components than had been installed during the 2004 surgery.

Although Ackerman and the defendants North Star Orthopedics, PLLC, and North Star Medical, PLLC, did not submit an expert's affidavit of their own, the attorney affirmation submitted in support of their motion expressly incorporated by reference the affidavit of Levitz, which makes specific reference to Ackerman's care. Accordingly, that affidavit was sufficient to establish, prima facie, that Ackerman did not deviate from good and accepted medical practice in rendering treatment to the plaintiff (cf. Plato v Guneratne, 54 AD3d 741 [2008]; Savage v Franco, 35 AD3d 581 [2006]; Guerin v North Shore Univ. Hosp., 13 AD3d 481 [2004]).

In opposition, the plaintiff submitted an unsigned and redacted physician's affidavit. Such an affidavit should not be considered in opposition to a motion for summary judgment where the plaintiff does not offer an explanation for the failure

to identify the expert by name and does not tender an unredacted affidavit for in camera review. On this record, there is no proof that a signed and unredacted physician's affidavit was submitted to the Supreme Court and, thus, the affidavit which was submitted was insufficient to raise a triable issue of fact (*see Rose v Horton Med. Ctr.*, 29 AD3d 977, 978-979 [2006]; *Kruck v St. John's Episcopal Hosp.*, 228 AD2d 565 [1996]; *see also Cook v Reisner*, 295 AD2d 466 [2002]; *cf. Gourdet v Hershfeld*, 277 AD2d 422 [2000]).

In any event, even if the affidavit that was submitted was considered, it failed to raise a triable issue of fact. The opinion of the plaintiff's expert that the femoral component installed during the 2004 surgery was oversized is not supported by the evidence (*see Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819 [2014]; *DiGeronimo v Fuchs*, 101 AD3d 933 [2012]).

In addition, the plaintiff's expert's reliance on the plaintiff's deposition testimony, wherein the plaintiff testified that Winiarsky admitted to him during a follow-up appointment that an incorrectly sized component was installed during the 2004 surgery, does not create a triable issue of fact. "While hearsay statements may be used to oppose motions for summary judgment" (*Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d 705, 706 [2014]), such evidence, standing alone, is insufficient to raise a triable issue of fact (*see id.*; *Guerrera v Zysk*, 119 AD3d 647, 648 [2014]).

In light of the establishment of Ackerman's and Winiarsky's prima facie entitlement to judgment as a matter of law, there is no ground to find North Star Orthopedics, PLLC, and North Star Medical, PLLC, vicariously liable (*see generally Deltoro v Arya*, 44 AD3d 896 [2007]).

Finally, the plaintiff correctly contends that the motion of North Star Orthopedics, PLLC, North Star Medical, PLLC, and Ackerman for summary judgment was improperly designated a cross motion (*see Terio v Spodek*, 25 AD3d 781, 785 [2006]) and was, in fact, an untimely motion for summary judgment (*see* CPLR 2215). However, "an untimely motion or cross motion for summary judgment may be considered by the court where . . . a timely motion for summary judgment was made on nearly identical grounds" (*Step-Murphy, LLC v B&B Bros. Real Estate Corp.*, 60 AD3d 841, 844-845 [2009] [internal quotation marks omitted]). Here, the Supreme Court properly entertained the motion by North Star Orthopedics, PLLC, North Star Medical, PLLC, and Ackerman in light of Winiarsky's timely motion made on identical grounds. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.