Wells Fargo Bank, NA v McKenzie (2020 NY Slip Op 02616)





Wells Fargo Bank, NA v McKenzie


2020 NY Slip Op 02616


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-05353
 (Index No. 1243/13)

[*1]Wells Fargo Bank, NA, respondent,
v
Philip L. McKenzie, et al., defendants; Adam P. Plotch, nonparty-appellant.


Anthony J. LoPresti, Garden City, NY, for nonparty-appellant.
Reed Smith LLP, New York, NY (Zalika T. Pierre and Andrew Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Adam P. Plotch, as successor in interest to the defendant Philip L. McKenzie, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 7, 2017. The order, in effect, denied the cross motion of nonparty Adam P. Plotch pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Philip L. McKenzie as abandoned.
ORDERED that the order is reversed, on the law, with costs, and the cross motion of nonparty Adam P. Plotch pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Philip L. McKenzie as abandoned is granted.
On various dates in 2001, 2003, and 2005, the defendant Philip L. McKenzie executed a series of mortgages on an apartment unit in a building located in Brooklyn (hereinafter the property). The mortgages were consolidated pursuant to a consolidation, extension, and modification agreement executed on June 2, 2005, and recorded on July 26, 2005. The plaintiff commenced this action against McKenzie, among others, to foreclose the consolidated mortgage on January 22, 2013, by filing a summons, complaint, and notice of pendency. McKenzie was served with process on January 26, 2013, by personal delivery. McKenzie did not appear in the action.
On April 15, 2011, the Board of Managers of Fort Greene Partnership Homes Condominium (hereinafter the Board) recorded a lien against the property for unpaid common charges. Thereafter, the Board commenced an action to foreclose its lien, naming McKenzie as a defendant. The Board's action culminated in the issuance of a judgment of foreclosure and sale. Adam P. Plotch was the successful bidder at the foreclosure sale held pursuant to the Board's judgment of foreclosure and sale, and the property was conveyed to Plotch via a referee's deed dated September 10, 2015, and recorded on October 2, 2015.
In April 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against McKenzie and the other defendants and for an order of reference. Pursuant to CPLR 1018, Plotch, as successor to McKenzie's interest in the property, opposed the plaintiff's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against McKenzie as abandoned.
In an order dated February 7, 2017, the Supreme Court stated: "Following oral argument, plaintiff's motion for an order of reference is submitted. Non-party's [cross]-motion to substitute into the action is denied pursuant to [CPLR] 1018. Furthermore, to the extent that the motion is made pursuant to CPLR 1012, the motion is denied as untimely." Plotch appeals.
Pursuant to CPLR 1018, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Here, in the absence of formal substitution, Plotch, as McKenzie's successor in interest, was entitled to continue to defend the action in McKenzie's name (see CPLR 1018; B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 401-402; see also Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 199; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001). As Plotch did not request that he be substituted for McKenzie as a defendant, the Supreme Court should not have treated his cross motion as one for substitution. Moreover, the court should have considered the merits of the cross motion made by Plotch, as successor in interest to McKenzie, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against McKenzie as abandoned.
Under the circumstances presented and in the interest of judicial economy, it is appropriate to address the cross motion on the merits, rather than remitting the matter to the Supreme Court to do so (see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234; Town of Brookhaven v MMCCAS Holdings, Inc., 137 AD3d 1258, 1258-1259). CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed."
Here, McKenzie was personally served with process on January 26, 2013, and defaulted by failing to serve an answer within 20 days (see CPLR 3012[a]). Thereafter, the plaintiff took no steps to seek leave to enter a default judgment against McKenzie until it moved for leave to enter a default judgment and for an order of reference more than three years after McKenzie's default (see Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910-911; HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 634). As the plaintiff failed to take proceedings for the entry of judgment within one year after McKenzie's default, to avoid dismissal of the complaint insofar as asserted against McKenzie, the plaintiff was required to make a showing of sufficient cause, which required that it demonstrate that it had a reasonable excuse for its delay in taking proceedings for the entry of a judgment and that it had a potentially meritorious action (see CPLR 3215[c]; Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671). Under the circumstances presented, the plaintiff failed to demonstrate that it had a reasonable excuse for its delay in taking proceedings for the entry of a judgment against McKenzie (see Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911; US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096). As the plaintiff failed to meet its burden to show sufficient cause why the complaint should not be dismissed insofar as asserted against McKenzie, the Supreme Court should have granted Plotch's cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against McKenzie as abandoned (see Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911; US Bank, N.A. v Onuoha, 162 AD3d at 1096).
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court