Wells Fargo Bank, N.A. v Robinson-John (2023 NY Slip Op 05419)

Wells Fargo Bank, N.A. v Robinson-John

2023 NY Slip Op 05419

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-00987
 (Index No. 621206/17)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Atisha Robinson-John, etc., et al., defendants; Whitehall Estates, LLC, etc., nonparty-appellant.

Paula A. Miller, P.C., Smithtown, NY, for nonparty-appellant.
Stradley Ronon Stevens & Young, LLP, New York, NY (Jacquelie Aiello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Whitehall Estates, LLC, as successor in interest to the defendant Atisha Robinson-John, appeals from an order of the Supreme Court, Suffolk County (Michael A. Gajdos, Jr.), dated December 4, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Atisha Robinson-John and for an order of reference, and denied those branches of the cross-motion of nonparty Whitehall Estates, LLC, as successor in interest to the defendant Atisha Robinson-John, which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Atisha Robinson-John as abandoned, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant Atisha Robinson-John as time-barred.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Atisha Robinson-John and for an order of reference, and substituting therefor provisions denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the cross-motion of nonparty Whitehall Estates, LLC, as successor in interest to the defendant Atisha Robinson-John, which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Atisha Robinson-John as abandoned, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to nonparty Whitehall Estates, LLC, as successor in interest to the defendant Atisha Robinson-John.
In 2005, the defendant Atisha Robinson-John (hereinafter the defendant) executed a note in the principal amount of $268,000 which was secured by a mortgage on certain real property located in Central Islip (hereinafter the subject property). In 2016, the defendant executed a loan modification agreement, pursuant to which the defendant reaffirmed the subject mortgage debt, and agreed to a new principal balance and monthly payment amount, among other things.
The plaintiff commenced this action to foreclose the mortgage against, among others, the defendant on October 25, 2017, by filing a summons, complaint, and a notice of pendency. The [*2]defendant was personally served with process, but did not answer or appear in the action.
Insofar as relevant here, the Board of Directors of Park Row Homeowners Association, Inc. (hereinafter the Board), commenced a separate action against the defendant to foreclose a lien filed against the subject property. That action resulted in the issuance of a judgment of foreclosure and sale. Whitehall Estates, LLC (hereinafter Whitehall), was the successful bidder at the foreclosure sale held pursuant to the judgment of foreclosure and sale, and the subject property was conveyed to Whitehall by a referee's deed dated June 29, 2018.
In March 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. Pursuant to CPLR 1018, Whitehall, as successor in interest to the defendant, opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant as time-barred.
In an order dated December 10, 2020, the Supreme Court granted the subject branches of the plaintiff's motion, and denied the subject branches of Whitehall's cross-motion. Whitehall appeals.
Pursuant to CPLR 1018, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Here, even in the absence of formal substitution, Whitehall, as the defendant's successor in interest to the property, was entitled to continue to defend the action in the defendant's name (see id.; Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 574-576; B & H Florida Notes LLC v Ashkenazi, 149 AD3d 401, 401-402; see also Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 199; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001).
Contrary to the Supreme Court's determination, Whitehall, as successor in interest to the defendant, has standing to move pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned (see Wells Fargo Bank, NA v McKenzie, 183 AD3d at 575-576). In the interest of judicial economy, it is appropriate for this Court to address that branch of Whitehall's cross-motion on the merits, rather than remitting the matter to the Supreme Court to do so (see id.; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed."
Here, the defendant was personally served with process in November 2017, and defaulted by failing to serve an answer or appear in the action (see id. § 3012[a]). Thereafter, the plaintiff did not seek leave to enter a default judgment against the defendant until March 2019, when it moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. As the plaintiff failed to take proceedings for the entry of judgment within one year after the defendant's default, to avoid dismissal of the complaint insofar as asserted against the defendant, "the plaintiff was required to make a showing of sufficient cause, which required that it demonstrate that it had a reasonable excuse for its delay in taking proceedings for the entry of a judgment and that it had a potentially meritorious action" (Wells Fargo Bank, NA v McKenzie, 183 AD3d at 576; see CPLR 3215[c]; Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 911; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671).
The plaintiff proffered that its reasonable excuse for its delay in taking proceedings for the entry of a judgment against the defendant included a "loss mitigation hold on or about December 28, 2017," and its need to gather sufficient proof to establish its entitlement to judgment, among other things. "Contrary to the plaintiff's contention, the purported submission of a completed [*3]loss mitigation application by the defendant . . . did not automatically toll the plaintiff's deadline under CPLR 3215(c)" during the time when the plaintiff was reviewing the application (U.S. Bank N.A. v Penate, 176 AD3d 758, 760). Moreover, unsubstantiated and conclusory claims of loss mitigation from the plaintiff's counsel do not amount to a reasonable excuse (see US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096). "Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action" (U.S. Bank N.A. v Penate, 176 AD3d at 761; see Federal Natl. Mtge. Assn. v Dauphin, 195 AD3d 696, 698).
Thus, as the plaintiff failed to show sufficient cause why the complaint should not be dismissed insofar as asserted against the defendant, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and should have granted that branch of Whitehall's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned (see Wells Fargo Bank, NA v McKenzie, 183 AD3d at 576; Private Capital Group, LLC v Hosseinipour, 170 AD3d at 911; US Bank, N.A. v Onuoha, 162 AD3d at 1096).
However, as the plaintiff's submissions of the loan modification agreement and evidence of the defendant's subsequent payments raised a question of fact as to whether the statute of limitations was revived or extended (see Deutsche Bank Natl. Trust Co. v MacPherson, 200 AD3d 647; HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 722; U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1484; cf. General Obligations Law §§ 17-105[3][a][2]; 17-107[2][a][2]), the Supreme Court properly denied that branch of Whitehall's cross-motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant as time-barred.
The parties' remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court