Longbridge Fin., LLC v Admin Realty LLC (2024 NY Slip Op 24032)

[*1]

Longbridge Fin., LLC v Admin Realty LLC

2024 NY Slip Op 24032

Decided on February 6, 2024

Supreme Court, Queens County

Kerrigan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 6, 2024
Supreme Court, Queens County

Longbridge Financial, LLC, Plaintiff,

against
Admin Realty LLC, et.al., Defendants.

Index No. 717498/23

Attorney for Plaintiff:
Sara Z. Boriskin, Esq.
Robertson, Anschultz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Attorney for Defendant:
Charles R. Cuneo, Esq.
Charles R. Cuneo, PC
82 Main Street, Suite 200
Huntington, NY 11743

Kevin J. Kerrigan, J.

The following papers numbered E42-E62, E69-E102 & E104-E109 read on this motion by Defendant, Admin Realty, LLC, for summary judgment; and cross-motion by Plaintiff in opposition to motion and for an order granting leave to amend the complaint.
Papers Numbered
Notice of Motion-Affirmation-Exhibits E42-62
Notice of Cross-Motion-Affirmation-Exhibits E69-98
Affirmation in Opposition-Exhibits E99-102
Reply-Exhibits E104-109
Upon the foregoing papers it is ordered that the motion is decided as follows:
Motion by Defendant, Admin Realty, LLC, for summary judgment, dismissing the complaint pursuant to CPLR 213(4) and 3211(a) and discharging and canceling the mortgage [*2]pursuant to 213(4) and RPAPL 1501(4) is granted. Cross-motion by Plaintiff in opposition to the motion and for an order granting leave to amend the complaint is denied.
This is an action to foreclose the mortgage against the premises known as 114-10 211th Street in Queens County. Prior to the commencement of this action on August 22, 2023, Plaintiff's predecessor-in-interest voluntarily discontinued a 2015 foreclosure action involving the same mortgage, which was filed under Queens County Index Number 707562/2015. In its answer, moving Defendants assert, inter alia, the affirmative defense of statute of limitations on the grounds that the time to foreclose the subject mortgage expired in 2021.
By way of background, the subject premises was acquired by Sarah Williams and James B. Williams on or about December 27, 1967. After James B. Williams died on June 23, 2007, Sarah Williams became the sole owner. On June 11, 2010, Williams obtained a loan in the amount of $637,500 from Genworth Financial Home Equity Access, Inc. (Genworth). The loan was secured by a promissory note and secured by a reverse mortgage against the premises. The note and mortgage were subsequently assigned to Reverse Mortgage Solutions (Mortgage Solutions) on June 11, 2010 and May 25, 2011 respectively. On June 12, 2015, Williams died intestate. She was survived by two children, Willie Mae Burris and Mary Davis. After Williams' death and on July 17, 2015, Mortgage Solutions commenced the 2015 foreclosure action (see supra). Williams, although deceased, was sued in her individual capacity in that action. The 2015 action accelerated the sums due under the mortgage. On August 13, 2018, Burris was appointed the administrator of Williams' Estate. By deed dated April 26, 2023, Burris conveyed the subject premises to Defendant, Admin Realty, LLC., of which the Williams Estate owns a 50% interest. The annexed Operating Agreement and Partnership Agreement demonstrate that the members of the LLC include the Williams' Estate and "Zag-1 LLC," each retaining a 50% membership interest. On July 31, 2023, the mortgage was assigned to Plaintiff Longbridge Financial, LLC. On August 10, 2023, the Honorable Lance Evans issued an order discontinuing the 2015 action and canceling the notice of pendency. Subsequently, the instant action was commenced on August 22, 2023.
CPLR §213(4) provides that "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" must be commenced within six (6) years (see CPLR §213[4]). Accordingly, Movants aver that the statute of limitations expired on July 17, 2021, six years after the date of commencement of the 2015 action.
In opposition and support of the cross-motion, Plaintiff contends that the statute of limitations does not bar the instant foreclosure action because numerous tolling provisions apply.
Initially, Plaintiffs contend that the death of Williams and subsequent appointment of Burris as the Administrator tolled the statute of limitations pursuant to CPLR §210(b). CPLR §210(b) provides that "[t]he period of eighteen months after the death... of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his [or her] executor or administrator." The statute applies, on its face, only to the executor or administrator of a decedent's estate (see U.S. Bank, N.A. v. Kess, 159 AD3d 767 [2d Dept. 2018]).
Plaintiff contends that the Defendant LLC acquired a property interest from Burris by way [*3]of an Administrator's Deed, and is therefore the true successor-in-interest to Decedent's estate, which subsumed any rights Burris had with respect to the property. Thus, since Burris was subject to the tolling provision pursuant to CPLR §210(b), the Defendant LLC is similarly subject to the same tolling provision. Plaintiff avers that the Mackenzie case encapsulates the principle sets forth above (see Wells Fargo Banks, N.A. v. Mackenzie, 183 AD3d 574 [2d Dept. 2020]. In that case, the Court found that the defendant's successor-in-interest was entitled to defend the action in the defendant's name (see id.). Plaintiff attempts to bridge the Mackenzie case to this one, arguing that the Appellate Division, Second Department effectively found that a successor-in-interest who obtained his interest by way of title, is subject to the rights and liabilities with respect to the mortgage. This Court disagrees.
Initially, the Mackenzie case did not involve the issue of tolling. Moreover, the plain reading of CPLR §210(b) makes clear that the provision only applies to the executor or administrator of a decedent's estate. Here, the Defendant is not Burris, rather an LLC in which the Williams' Estate (not Burris as Administrator) owns a 50% interest. The Second Department has addressed this issue and found that the tolling provision pursuant to §210(b) may only apply where the defendant is sued as the administrator of the decedent's estate (see Deutsche Bank Natl. Trust Co. V. Limtcher, 193 AD3d 686 [2d Dept. 2021] [finding that the tolling provision did not apply where the defendant was sued in her individual capacity]; U.S. Bank, N.A. v. Kess, 159 AD3d at 767). Permitting Plaintiff to apply the tolling provision to the Defendant LLC would be the equivalent of piercing the corporate veil in the setting of this foreclosure action and would disregard the existence of the corporate entity all together (see generally Brooklyn Sav. Bank v. Joseph Wechsler Estate, 259 NY 9 [1932]).
Plaintiff further avers that Executive Order 202.8 tolled the statute of limitations for the instant action. Indeed, on March 20, 2020, pursuant to Governor Andrew Cuomo's Executive Order 202.8, the statute of limitations under the CPLR was tolled. Subsequently, Executive Order 202.67, lifted the toll effective November 3, 2020. The Executive Orders resulted in 228 days of continuous tolling. The Appellate Division, Second Department has held that the Executive Orders constituted a toll rather than a suspension or a stay (see Brash v. Richards, 195 AD3d 582 [2d Dept. 2021]). Indeed, "a toll suspends the running of the applicable period of limitation for a finite time period, and the period of the toll is excluded from the calculation of the relevant time period. Unlike a toll, a suspension does not exclude its effective duration from the calculation of the relevant time period. Rather, it simply delays expiration of the time period until the end date of the suspension" (see id. at 582). Plaintiff was required to commence the instant action by July 17, 2021. Accordingly, even in adding 228 days pursuant to the Executive Orders, Plaintiff would still have been required to commence the action on or before March 2, 2022. This action was commenced on August 22, 2023. Accordingly, notwithstanding the tolling effectuated by the Executive Orders, the statute of limitations still expired.
Plaintiff further contends that the enactment of COVID-19 Emergency Eviction and Foreclosure Act of 2020 (CEEFPA) and the Federal Foreclosure Moratorium tolled the statute of limitations. CEEFPA was signed into law on December 28, 2020. It provided specifically that the time for commencement of actions to foreclose a tax lien was stayed until May 1, 2021 (a total of 124 days). Since this action was not commenced until August 22, 2023, the application of CEEFPA did not prevent the expiration of the statute of limitations. Indeed, it does not appear [*4]that CEEFPA provided a date-to-date toll wherein the 124 days could be added to an applicable statute of limitations. Rather, the text of CEEFPA provides that it acted as a stay, which was lifted on May 1, 2021 (see id.). Since this action was not commenced until August 22, 2023, the application of the Federal Foreclosure Moratorium did not prevent the expiration of the statute of limitations.
The Federal Foreclosure Moratorium, through the U.S. Department of Housing and Urban Development (HUD), similarly acted as a stay to foreclosure actions. The first moratorium took effect on March 18, 2020. HUD issued several extensions to the moratorium, which ultimately expired on July 31, 2021 (a total of 500 days). The Federal Foreclosure Moratorium appears to have acted similarly to CEEFPA, in that, pursuant to the face of the statements issued by HUD, it operated as a stay rather than a toll. Similarly, since this action was not commenced until August 22, 2023, the application of the Federal Foreclosure Moratorium did not prevent the expiration of the statute of limitations.
Plaintiff argues that CPLR §210(b) provided an 18 month toll, the COVID-19 Executive Orders provided a 228 day toll, CEEFPA provided a 124 day toll, and the Federal Foreclosure moratorium provided a 500 day toll. Although confusing and without mathematical justification, Plaintiff ultimately avers that in light of the forgoing, the statute of limitations did not expire until either January 4, 2024 or October 2, 2024. The Court is unsure of how Plaintiff came to this conclusion. Moreover, Plaintiff cites to no authority, and this Court is unaware of any, which would permit Plaintiff to stack tolling provision in its favor even if CEEFPA or the Federal Foreclosure Moratorium operated as tolls rather than stays.
Ultimately, in properly refusing to apply the toll pursuant to CPLR §210(b), and only applying the tolls pursuant to the COVID-19 Executive Orders, and considering the stays pursuant to CEEFPA, and the Federal Foreclosure Moratorium (and not applying them consecutively), it is abundantly clear to this Court that the statute of limitations expired, at the latest, on March 2, 2022.
In further opposition to the Defendant's motion for summary judgment, Plaintiff argues that CPLR 205-a prevented Plaintiff from relying on the "saving statute." Initially, the Court notes that the basis for summary judgment does not rely on the application of the Federal Abuse Prevention Act (FAPA).
On December 30, 2022, Governor Kathy Hochul signed FAPA into law. The law was a direct response to the Court of Appeals decision in Freedom Mortg. Corp. V. Engel, which seemingly permitted lenders to restart foreclosure actions after the statute of limitations expired (see Freedom Mortg. Corp. V. Engel, 37 N.Y.926 [2021]). After its passage, the legislature amended and codified various statutes. CPLR 205-a was created and is entitled "termination of certain actions related to real property", and which is more stringent than CPLR §205(a).
The most significant of the forgoing modifications is the newly promulgated CPLR §205-a, which provides that lenders may only take advantage of the "saving statute" if the matter was terminated in any manner other than: voluntarily discontinue the action, failure to obtain personal jurisdiction over the defendant, dismissal for any form of neglect including for violation of court rules or individual part rules, failure to comply with scheduling orders, by default due to nonappearance for conference or at calendar call, failure to submit an order or judgment, or upon a final judgment upon the merits. If a foreclosure action is dismissed for any of the forgoing [*5]reasons, CPLR §205-a cannot be used to revive it and extend the limitations period. Under §205-a, a successor in interest of the original plaintiff is not permitted to commence the new action unless the plaintiff pleads or provides that it is acting on behalf of the original plaintiff.
Even assuming arguendo, application of the less restrictive §205(a) as opposed to the newly promulgated §205-a, the Plaintiff cannot benefit from the so-called saving statute.
First, the prior action was terminated by way of a voluntary discontinuance. Both §205(a) and §205-a bar application of the statute when the prior action is terminated by voluntary discontinuance. Plaintiff contends that the granting of a looming motion to dismiss (on the basis that the Decedent was sued in her individual capacity when she was already deceased at the time of commencement) in the prior action was all but a certainty, and ultimately served as a catalyst for the discontinuance. Even assuming arguendo, that the discontinuance was therefore not voluntary, and did not prevent application of §205(a) or §205-a, Plaintiff is nonetheless barred from its application due to a lack of personal jurisdiction.
In the prior action, Plaintiff never obtained personal jurisdiction over Decedent Williams, as she had died prior to commencement of that action. Similarly, Plaintiff never sued, or obtained personal jurisdiction over a representative of her estate. The fatal flaw would have ultimately resulted in dismissal, which was averted due to the voluntary discontinuance. The fatal flaw, however, is not one which can be remedied by CPLR §205(a) or §205-a (see George v. Mt. Sinai Hospital, 47 NY2d 170 [1979]). Indeed, the failure to properly identify that Williams had died prior to commencement of the first action was not merely a defect that mandated dismissal, insomuch as it was a failure by Plaintiff to properly commence the action (see id.; see also Mira v. Argus Media, 2023 NY App. Div. LEXIS 6534 [1st Dept. 2023]; Cazsador by Cazsador v. Greene Cent. Sch., 243 AD2d 867 [3d Dept. 1997]; Rayo v. New York, 882 F.Supp.37 [N.D.NY 1995]. Accordingly, Plaintiff is not entitled to benefit from the so-called saving statute.
Plaintiff's cross-motion to amend its complaint to assert a cause of action to quiet title as to the deed pursuant to Article 15 of the RPAPL and §273 of the Debtor-Creditor Law is denied.
Pursuant to CPLR 3025(b), "leave shall be freely given" to parties to amend and supplement the pleadings (see CPLR §3025(b). Leave may be given up to and even after trial, provided that the amendment does not prejudice the other party (see Whalen v. Kawasaki Motors Corp., U.S.A., 92 NY2d 288 [1998]). The Court may also deny an application to amend pursuant to CPLR 3025(b) upon a finding that the proposed amendment is palpably insufficient and patently devoid of merit (see Toiny, LLC. v. Rahim, 214 AD3d 1023 [2d Dept. 2023]). Upon review of the proposed amended complaint and the motion papers, it appears that the proposed amendments are patently without merit.
§273 of the Debtor-Creditor Law provides that a transfer by a debtor may be voidable where the creditor's claim arose prior to the transfer, if the debtor made the transfer with the intent to hinder, delay, or defraud any creditor of the debtor. Plaintiff avers that there are several "badges of fraud" that warrant leave to amend the complaint. First, Burris conveyed interest in the subject premises to the Defendant LLC for no consideration. Second, the Decedent's estate retained a 50% ownership interest in the premises. Third, the only asset held by the Defendant is the subject premises. Finally, Burris and the Defendant LLC were aware of the prior action. Essentially, Plaintiff submits that the sole purpose of the conveyance was to prevent Burris from being subject to the 18 month statute of limitations toll. Conveying the property ensured Burris [*6]would not be named as a defendant (as administrator of Williams' Estate), as the estate did not retain any interest in the premises, thereby avoiding foreclosure.
Even if this Court were to allow an amendment to the caption to assert a cause of action to §273 of the Debtor-Creditor Law, the expiration of the statute of limitations would nonetheless bar the action. First, the alleged fraudulent conveyance occurred well past the expiration of the statute of limitations. Indeed, as noted supra, the statute of limitations to commence this action expired, at latest, on March 2, 2022. The alleged fraudulent conveyance occurred over one year later on April 26, 2023. Second, there is no evidence on this record, nor can the Court ascertain any authority for the notion that even if the amendment were permitted and the transfer ultimately voided, that would effect the statute of limitations bar. If the conveyance from the Williams' Estate to the LLC were voided, the interest in the premises would undoubtedly revert back to the Williams' Estate. The Court is at a loss to ascertain how this would effect the timeliness of this action, as Burris, as the administrator of the Williams' Estate was never named as a defendant in the prior action. 
The branch of the cross motion to amend the complaint to assert a cause of action for a declaratory judgment under Article 15 of the RPAPL, seeking to have the deed set aside on the grounds that it is a product of self-dealing is denied. The crux of Plaintiff's argument with respect to this branch of the cross-motion is that Burris has an interest in the property and engaged in self-dealing, such that setting aside the deed is warranted. Since Plaintiff is the assignee of the Mortgage, it has standing to assert such a claim. However, the Court is unconvinced that Burris' engaged in self-dealing under the per se "no further inquiry" rule and the authority cited to by Plaintiff (see Matter of Parisi, 111 AD.3d 941 [2d Dept. 2013]. The applicable rule provides that, upon challenge (typically by a beneficiary), a court is generally required to set aside a transference of property which is held in trust by a fiduciary and transferred to the fiduciary himself, or to an entity in which he holds an interest (see id.).
The Court cannot conclude that the "no further inquiry" rule is applicable here. There is no evidence that Burris transferred the property to herself or to an entity that she holds an interest in. It is undisputed that the Defendant LLC holds a 50% interest in the property and ZAG holds the remaining 50% interest. Plaintiff argues that because Burris executed the Partnership Agreement in her individual capacity as well as her capacity as administrator of the Estate, she has an interest such that the per se rule applies. Plaintiff bolsters the argument by contending that by Defendant's own admission, Burris stands to realize a potential financial benefit from the conveyance. The Court notes that the theoretical financial gain Burris stands to gain was mentioned by Defendant as a caveat. Absent the conveyance, the Williams heirs purportedly would not have stood to gain any benefit from the Williams' Estate. By conveying the premises to an LLC with the ability to litigate these claims, Burris' merely acted pursuant to her fiduciary duty to ensure the Estate was placed in a better position.
In opposition to the claims of self-dealing, Defendants argue that Burris is not, nor has she ever been, a member of the Defendant LLC. Thus, she does not have any individual interest in the premises. Absent any cited authority finding the opposite, the Court finds that there is no evidence that Burris has an individual interest despite the fact that she may, potentially, at some point in the future, benefit financially from the conveyance. Indeed, while a creative argument, the fact remains that there is no evidence that Burris, in her individual capacity, retained any [*7]interest in the subject premises. The Operating and Partnership Agreements are clear, in that ZAG and the Williams Estate, as the sole members of the LLC, both having a 50% interest in the subject property. Accordingly, there is no basis to set aside the deed based on Burris' apparent self-dealing. Additionally, and similar to the analysis under §273, permitting the amendment would do nothing to shield against the expiration of the statute of limitations.
The Court turns to the letter annexed to the opposition, purportedly written by Mary Davis, the sister of Willie-Mae Burris. The affidavit of Richard J. Burke III is submitted for the purposes of establishing the letter as a business record. The letter and contract submitted certainly do not qualify as admissible business record pursuant to CPLR §4518 (see also Bank of NY Mellon v. Gordon, 171 AD3d 197 [2d Dept. 2019]). However, hearsay statements may be used to oppose summary judgment (see Derrick v. North Star Orthopedics, PLLC, 121 AD3d 741 [2d Dept. 2014]). Notwithstanding, the hearsay statements, standing alone, are insufficient to raise a triable issue of fact (see id.). Plaintiff's argument in submitting said letters is that, among other things, Davis disagreed with Burris being named the Administrator of the Estate and the subsequent conveyance of the property to the Defendant LLC. Davis claims that she and Burris had previously agreed to sell the property pursuant to a contract from October 2021. Plaintiff has no standing to put forth Davis' purported position with respect to the foreclosure. Davis is named as an heir and distributee of the Williams' Estate in this action. However, she has not interposed an answer nor has she appeared on the motion. Finally, the Court again notes that even assuming arguendo the conveyance of the subject property had been a result of some variation of fraud, the fact remains that Plaintiff is barred by the statute of limitations from foreclosing on the underlying mortgage.
Accordingly, the motion for summary judgment is granted and the complaint is dismissed as against Admin Realty LLC. The cross-motion is denied.
Serve a copy of this order with notice of entry without undue delay.
Dated: February 6, 2024
KEVIN J. KERRIGAN, J.S.C.